159 So.2d 602 (1964)
Mrs. Hazel Irene DEVER et vir., Plaintiffs-Appellees,
v.
GEORGE THERIOT'S, INC., Defendant-Appellant.
No. 1028.
Court of Appeal of Louisiana, Third Circuit.
January 15, 1964.
*603 Plauche & Plauche, by A. L. Plauche, Lake Charles, for defendant-appellant.
Roy & Roy, by Chris J. Roy, Marksville, and Elsie Mae Whitman, Lake Charles, for plaintiff-appellee.
Before TATE, FRUGÉ and SAVOY, JJ.
TATE, Judge.
The plaintiff Mrs. Dever slipped and fell in the defendant's super-market grocery store. Mrs. Dever and her husband bring suit to recover for the damages thereby sustained. The defendant appeals from adverse judgment. The plaintiffs answer the appeal to request an increase in the award.
Facts.
As correctly found by the trial court, the preponderance of the evidence shows:
Mrs. Dever was in the defendant's store as a customer. She fell by the fresh produce counter, when her foot slipped upon a small piece of lettuce stem. This stem and several other very small pieces of produce had fallen on the floor a few minutes before, while one of the defendant's clerks was loading the produce onto a cart adjacent to the counter. Mrs. Dever fell several moments after this employee had suddenly left the produce loading operation in order to wait upon a customer in another department.
The trial court held that the defendant was negligent in permitting these produce particles to remain on the aisle floor so as to create an unreasonable hazard to the use of the aisles by the customers. The trial court further held Mrs. Dever to be free of contributory negligence. The defendant-appellant contends that the trial court erred in both of these holdings, and also disputes the trial court's factual findings.
Liability.
As recently summarized by this court in Levine v. Hartford Accident & Indemnity Company, La.App., 149 So.2d 433, 434-435: "* * * [T]he owner of a business establishment is not the insurer of the safety of visitors. He need only keep the floors and passageways in a reasonably safe condition for use in a manner consistent with the purposes of the premises. * * * In order to recover, a visitor must prove a breach of the duty of the owner to use reasonable care. * * * [Citations omitted.]"
*604 1. Very able counsel for the defendant appellant first contends that, even conceding the present passageway was unsafe, nevertheless the defendant cannot be liable for the act of its employee in leaving the small produce particle on the floor, because the employee did not know that he had dropped the particle on the floor which had created a hazard. Relied upon are certain cases holding that a storekeeper is not liable unless he or his employees knew the extraneous object was on the floor or unless it was on the floor for a sufficient period of time in which its presence should have been discovered or removed. See, e.g., Lejeune v. Hartford Accident and Indemnity Co., La.App. 3 Cir., 136 So.2d 157; Peters v. Great Atlantic and Pacific Tea Co., La.App. 2 Cir., 72 So. 2d 562; Boucher v. Paramount-Richards Theatres, La.App.Orl., 30 So.2d 211, and cases therein cited; Joynes v. Valloft and Dreaux, Inc., La.App.Orl., 1 So.2d 108.
However, in none of the cited cases did the evidence prove that the extraneous substance on the floor directly resulted from an act by the storekeeper's employee. The situations therein are thus distinguishable from the present facts.
The rule thus relied upon by the appellant applies only where the extraneous substance on the floor results from the act of a third person for whose acts the storekeeper is not legally liable. The basis of a storekeeper's liability in this instance is the storekeeper's failure to remedy or to warn of the hazard created on its premises by a third person, after the storekeeper has actual or constructive knowledge of the hazard so created.
A similar rule of notice of the hazard does not apply when the storekeeper's employees themselves created the danger through some act on their part. In this latter instance, the storekeeper is liable under the principle of respondeat superior for the negligent acts of his employees in creating an unreasonable hazard to the storekeeper's invitees. See, e. g., Provost v. Great Atlantic & Pacific Tea Co., La.App. 3 Cir., 154 So.2d 597, and cases cited therein; Lejeune v. Hartford Accident and Indemnity Co., La.App. 3 Cir., 136 So.2d 157, which notes the distinction in discussing the jurisprudence. The basis of the liability here is the creation of the hazard, not the failure to remedy or warn of it.
Insofar as the defendant-appellant contends factually that its employee could not reasonably have anticipated that the pieces of produce would fall into the aisle and so endanger the customers (rather than under the cart), we think the evidence indicates otherwise.
2. The defendant-appellant next contends that, even conceding the evidence proves that its employee permitted several small pieces of produce to fall into and to remain in the aisle used by the customers, such acts did not create an unreasonable hazard so as to constitute actionable negligence. It is further suggested that, in any event, Mrs. Dever was contributorily negligent in failing to notice and to avoid slipping on one of these small particles.
The lettuce stem upon which the plaintiff slipped was only ¾th-inch long and ¼th-inch thick, about the size of the end of a pencil. However, when the plaintiff's foot and weight was placed upon it, it immediately skidded, since fresh produce particles are slippery in nature.
Under the circumstances here present, the slippery produce particles foreseeably created an unreasonable hazard to the safe passage of the store customers, and the plaintiff was not contributorily negligent for failing to observe and to avoid the small particle upon which she slipped. As the cases to be cited show:
A storekeeper is negligent in failing to maintain a passageway through which its customers can walk in safety. This duty is breached when the storekeeper *605 permits a slippery spot or substance in the passageway for customers.
Likewise, a customer or other invitee is not contributorily negligent in failing to observe inconspicuous particles or substances in the travelled portion of the aisle. The customer is entitled to rely upon the presumption that the storekeeper has provided him a safe passageway. Further, a grocery store patron is not under a duty to make a specific observation of floor conditions before taking each step, especially in view of the storekeeper's presumed intention and knowledge that the customer will devote the major portion of his attention to inspecting the merchandise deliberately displayed to attract it.
See: Provost v. Great Atlantic & Pacific Tea Co., La.App. 3 Cir., 154 So.2d 597; Bowers v. Lumbermens Mutual Cas. Co., La.App. 3 Cir., 131 So.2d 70; Lindsey v. Travelers Indemnity Co., La.App. 2d Cir., 111 So.2d 153; Johnson v. Puyolet, La. App.Orl., 47 So.2d 122; Ellington v. Walgreen Louisiana Co., La.App. 2 Cir., 38 So. 2d 177. See also: Richard v. General Fire and Casualty Co., La.App. 3 Cir., 155 So.2d 676; Trahan v. Palms Hospital, Inc., La.App. 3 Cir., 143 So.2d 280.
As a matter of fact, the defendant's employees showed themselves aware of the hazard to be created, since their standing policy was to remove immediately such particles from the floor when they fell during the loading operations, as not infrequently happened. (In this instance, the defendant's employee charged with the duty failed to do so inadvertently, since he left suddenly to service a customer at another counter.)
Quantum.
As to damages, the trial court awarded the plaintiff Mrs. Dever fifteen thousand dollars for her personal injuries. Her husband was awarded nearly four thousand dollars for medical expenses occasioned by Mrs. Dever's injuries.
The trial court found that, as a result of the slip-fall accident, Mrs. Dever has suffered back complications resulting, over the course of two years' suffering, in a displaced vertebral segment and a bulging intervertebral disc. Aside from several hospitalizations, eventually major surgery was required to fuse the spinal segment and to relieve the nerve pressure caused by the protruding disc. The prognosis is favorable for a fair recovery in about 3½ years after the date of the accident.
Although the defendant-appellant contends that the medical evidence indicates that Mrs. Dever suffered only a severe back sprain as a result of the accident, we agree with the trial court that the medical evidence preponderates to the effect that the hard fall caused the more serious back injuries for which the award was made.
Both the plaintiffs and the defendant pray that the award of $15,000 general damages be changed in accord with their respective contentions that a greater or a lesser amount is indicated by awards made for allegedly comparable injuries. See, e. g.: Matthews v. F. Miller & Sons, Inc., La.App. 3 Cir., 146 So.2d 522 ($45,000, which included permanent loss in earning power, however); Gunter v. Lord, La.App. 3 Cir., 132 So.2d 488 (amended on other grounds, 242 La. 943, 140 So.2d 11) ($13,000); Thornton v. F. Strauss & Son, Inc., La.App. 2 Cir., 129 So.2d 580 ($10,000).
Especially considering that there is no proven loss of future earning capacity, the award is not manifestly insufficient; nor is it manifestly excessive. In any event, the award of general damages herein did not constitute an abuse of the trial court's large discretion in such matters, in the absence of which the trial court's award of general damages should be affirmed on appeal. Gaspard v. LeMaire, La. 158 So.2d 149 (opinion on rehearing, rendered November 12, 1963).
The plaintiff-husband also points out that the award to him of special damages *606 inadvertently omitted several small items. We think his contention is correct insofar as items of $40 for physical therapy (Tr. 266; P-13), and of $300 for a practical nurse during the three months Mrs. Dever was confined to bed at home in a heavy body cast ($25 per week for twelve weeks, Tr. 96, 264, cf. Tr. 149). The husband's award will therefore be amended so as to allow an additional $340 for these proven items of special damages.

Decree.
The award of special damages to the plaintiff husband is increased by an additional Three Hundred Forty and No/100 ($340.00) Dollars; as thus amended, the judgment of the trial court is affirmed in all other respects. The defendant-appellant to pay the costs of this appeal.
Affirmed.