REGAN, Judge.
The plaintiffs, Mr. and Mrs. Marshall F. Walters, filed this suit against the defendant, Sears, Roebuck and Company, endeavoring to recover on behalf of Mrs. Walters the sum of $5,000.00 for personal injuries sustained as the result of having slipped and fallen in the passageway of Sears department store and on behalf of Mr. Walters for medical expenses incurred and anticipated by him as a result of his wife’s injuries the sum of $854.73.
The defendant answered denying the foregoing accusations of negligence and in *565 the alternative it pleaded the contributory negligence of the plaintiff, Mrs. Walters.
From a judgment in favor of Mrs. Walters in the amount of $1,500.00 and in favor of her husband for $274.54, the defendant has prosecuted this appeal.
The record reveals that on July 22, 1964, at approximately 1:45 P.M., Mrs. Walters entered the toy department of Sears store located in the Gentilly Woods Shopping Center in the City of New Orleans. She was accompanied by her three-year-old daughter and a son eighteen months of age. They had walked three or four paces when the plaintiff’s three-year-old daughter suddenly slipped and fell, striking the back of her head on the terrazzo floor. The plaintiff immediately released her son’s hand and rushed to the asistance of her daughter when she too slipped and fell striking her back and hips. It was later discovered that the cause of the accident was a clear greasy substance which had been spilled upon the terrazzo floor in the passageway of the toy department.
The incident was reported to the clerk of an adjoining department, and she referred the plaintiff and her child to the defendant’s nurse. The nurse then arranged for the plaintiff to be examined by Doctors Houston, Roy and Faust, and she went to their offices immediately. Thereafter, the plaintiff visited her family physician and was treated by him.
Counsel for the defendant informed us during the oral argument hereof that he does not question the amount of the judgment awarded to the plaintiffs herein, and he has likewise conceded that a clear, greasy substance was on the terrazzo floor when the plaintiff’s accident occurred.[1] However, he insists that the record fails to disclose that the substance remained on the floor for a sufficient length of time so as to amount to constructive notice thereof and that the burden of proof rests upon the plaintiff to establish this essential fact.
The facts inscribed in the record clearly disclose that Mrs. Walters was caused to fall by virtue of a clear, greasy substance which had been spilled or was otherwise present on the terrazzo floor in the aisle or passageway of the toy department and that the substance was there without the actual knowledge of the defendant or any of its employees.
When the plaintiff fell at 1:45 P.M., the toy department had been unattended for at least 45 minutes, since the clerk assigned to it was absent during her lunch hour which began at approximately 1:00 o’clock and a clerk in an adjoining department was requested to service this department as well as her own.[2]
The defendant has endeavored to exculpate itself from negligence by explaining that a system of inspection existed for the purpose of discovering deleterious and foreign substances on the floors of its store. In substantiation thereof, it offered the laboriously vague testimony of Peter Sampson, an employee of eight years duration and chief porter of the Gentilly Woods store, who related when questioned under both direct and cross examination under the act, that the floors are swept every morning and that one-sixth thereof was mopped every day. On this day, the floor had been swept but not mopped. He said that a *566 regular system of inspection was maintained by one of the six porters on duty and that each aisle was regularly inspected every fifteen minutes; however, on the day of this accident, he did not make any such rounds, and he did not remember which of the porters had been assigned to the toy department. It is of interest to note, in this connection, that none of the other porters were called by the defendant. It taxes our credulity to believe that neither the defendant nor its head porter, Peter Sampson, knew which one of six or seven porters had been assigned to the toy department especially since a claim for personal injury was imminent from the inception of the accident.
In any event, Sampson, very significantly, asserted that the porters were kept quite busy on other projects during the day, and at this particular time, he thought he had been moving washing machines from one location in the store to another; that the porter in charge of the toy department on this day was subject to call to move furniture or do other chores in the area. Despite his testimony that an inspection was made by the porter on duty every 15 minutes, he related that each porter was assigned to eight departments to clean and care for them during the day.
It is also of interest to note that Mrs. George Steffin, the employee who was charged with supervision of the garden department and toy department while the clerk in the toy department was absent for lunch, testified that when a foreign substance was spilled on the floor or something was otherwise placed in a position to endanger patrons, she had been instructed to call “up” to obtain a porter to remove the substance. Similar testimony also emanated from Sidney Welch, an assistant floor manager of the store. He asserted that routine inspections were made by the porters, but he was unable to estimate the time interval between these inspections. Moreover, he also indicated that the porters are in fact on call and must clean up substances only when requested to do so by the clerks iru charge of the various departments.
In the final analysis, the only two questions posed for our consideration by virtue-of the foregoing contentions and the evidence adduced herein are ones of fact and" they are: (A) The record does not reflect, that the defendant possessed actual knowledge of the condition which caused the-plaintiff’s injuries; hence, we are relegated to answering the question of whether the-record discloses evidence of the fact that the condition complained of had existed for a sufficient .length of time so as to constitute constructive notice thereof and to-reasonably justify the inference that the defendant had failed to exercise ordinary care in the removal of the substance from the-customer’s passageway, and (B) whether the plaintiff was guilty of such contributory-negligence as would act as a bar to her recovery herein.
No presumption of fault arises-from the mere fact of injury to a customer,, and, in a suit for damages growing out of such an injury, the plaintiff must prove-with that certainty required by law, that the-injury was caused by the negligence of the-storekeeper or one of its employees.
It must be conceded, without equivocation, that a clear or transparent,, greasy substance upon the terrazzo floor of the passageway of a department store is potentially dangerous to the patrons thereof, but actual or constructive notice of its presence must be proven before the proprietor may be held responsible for the injury which it caused. The owner of a business-establishment is not the insurer of the safety of his customers and owes to invitees and business patrons the use of ordinary care in the maintenance thereof. In other words, it must appear that the defendant or one of its employees knew that the substance was on the terrazzo floor or that it remained there for a sufficient length of time so as to amount to constructive notice- and, of course, the burden of proof rest *567 -upon the plaintiff to establish this essential fact.
In our opinion the plaintiff has suc-cessfully carried this burden of proof. The whole tenor of the record leads us to the inevitable conclusion that a definite and regular system for the inspection of the floors of this department store was not in operation when the plaintiff’s accident occurred. To the contrary, the head porter was at lunch at the time and on a trial here of he was unable to remember which of “the porters had been assigned to the toy department, although a law suit, or at least a claim for personal injury was imminent from the very day that the incident occurred • and the usual or customary accident report ■generally prepated in connection therewith •certainly would have revealed the identity of this porter whose testimony could have 'been pertinent and essential.
The clerk in charge of the department in which the plaintiff fell was absent therefrom for at least 45 minutes since she was .-at lunch, and the only person possessing any authority or supervision over the area in which the accident occurred was a clerk in charge of the garden department who was positioned behind a glass partition which was some distance removed from the situs of the accident.
We are convinced that the proxi-mate cause of the plaintiff’s injury was the failure of the defendant to exercise ordinary care in the maintenance of the passageways of its department store, in that it neglected to discover the potentially dangerous condition for at least 45 minutes.[3]
Focusing our attention upon the last question posed for our consideration, there is absolutely no evidence contained in this record to support the alternative plea of contributory negligence. The plaintiff when she rushed to the assistance of her child who had fallen was totally unaware of the existence of a clear or transparent, greasy substance on the terrazzo floor which would also cause her to fall and incur the injuries which form the subject mattter of this litigation.
For the foregoing reasons, the judgment of the lower court is affirmed.
The defendant is to pay all costs incurred herein.
Affirmed.

. The defendant in its brief asserts that “Mrs. Eastin, (the toy department clerk) before leaving for lunch at approximately 1:00 p. m., worked in the exact area where Mrs. Walters is said to have slipped. When she returned from lunch one hour later, the spot resembling white petroleum jelly was seen”.

. The defendant, in this connection asserts in its brief that “The (testimony of) two former employees of Sears, Mrs. Steffin, who was in charge of the Garden Department immediately adjoining the Toy Department and separated from it by open doors, and that of Mrs. Helen Eastin, Assistant Manager of the Toy Department, clearly indicated that this substance was on the floor for a period of possibly a half hour before the alleged accident.” (Emphasis added.)

. See Vogt v. Schwegmann, La.App., 56 So. 2d 177 (1952) wherein we expressed the opinion that passage of 30 or 40 minutes was sufficient time in which to give a storekeeper or Ms employees constructive notice of the existence of a dangerous condition in a portion of his store which customers are invited to use.