208 So.2d 739 (1968)
Carson LOFTON et al., Plaintiffs-Appellees,
v.
TRAVELERS INSURANCE COMPANY et al., Defendants-Appellants.
No. 2288.
Court of Appeal of Louisiana, Third Circuit.
March 27, 1968.
Rehearing Denied April 22, 1968.
*740 Stafford & Pitts, by James A. Bolen, Jr., Alexandria, for defendants-appellants.
Howard N. Nugent, Jr., Alexandria, for plaintiffs-appellees.
Before HOOD, CULPEPPER, and LEAR, JJ.
LEAR, Judge.
The plaintiff, Mrs. Carson Lofton, seeks damages for personal injuries sustained when she slipped and fell while a customer of the defendant, K-Mart Food Stores, Inc., in Alexandria. Her husband sues for medical expenses. The district judge awarded $1,000.00 in general damages plus medical expenses. Defendants appealed. Plaintiffs *741 answered the appeal asking an increase in the award.
The substantial issue on appeal is whether the doctrine of res ipsa loquitur is applicable.
K-Mart Food Store in Alexandria is a large self-service store employing about 20 persons. On Fridays and Saturdays between 4,000 and 6,000 customers are accommodated each day.
On Friday, November 25, 1966, at about 10:30 or 11:00 a. m., Mrs. Lofton was purchasing groceries in the store. She was pushing a shopping basket along aisle No. 4, looking for lemon juice displayed there. She stepped in a puddle of clear water, about the size of a basketball, and slipped and fell to the floor.
The evidence does not show how the water came to be on the floor or how long it had been there. There were no water fountains, water pipes or other sources of water in the immediate vicinity. Only fruit juices and canned goods are on display along that part of aisle No. 4.
Defendant introduced evidence as to its cleaning and inspection procedures. The janitor and the porter came to work every morning at 6:30 a. m. and swept and mopped all of the floors. The store manager testified that every morning, including this particular morning, he inspected the floors before the store opened at 9:00 a. m. As to inspection during the rest of the day, all of the employees generally had been instructed to report any hazardous foreign substances on the floors. Also, the porter, Jessie Powell, was specifically instructed to make inspections during the day, but not at any particular time.
Neither the janitor nor the porter could testify that they had made any inspections of the floors between the time the store opened at 9:00 a. m. and the time that Mrs. Lofton fell. Furthermore, the evidence shows that on busy weekends the porter is used as a bag boy. The manager admitted that on this particular Friday morning the porter was possibly working as a bag boy. Defendant was unable to show any specific inspections of the floor during the period from the time the store opened until the time Mrs. Lofton fell. Thus, the district judge found as a fact that the store's inspection procedures were inadequate for a store with this great number of customers and the consequent likelihood of hazardous conditions being created by customers and employees.
This holding indicates that the burden of proof rests upon the defendant to prove to the court's satisfaction that an adequate inspection procedure was used and that, in spite of the inspection procedure, the accident occurred. This in essence is an application of the doctrine of res ipsa loquitur. This doctrine was urged in the case of Joynes v. Valloft & Dreaux, Inc., La.App., 1 So.2d 108, wherein the court held that the doctrine could only apply where it is shown that the accident would not have occurred in the ordinary course of events without intervention of negligence.
The court is aware of the many problems which face a plaintiff in proving a slip and fall action. Rarely will the plaintiff have the names and addresses of any independent witnesses. The facts concerning the accident and the existing conditions will almost always lie within the knowledge of persons who, because of adverse interests, are reluctant to make disclosures. However, the fact that these problems exist does not relieve the plaintiff from carrying the burden of proof throughout the trial. He is not aided by any presumption from the mere fact of a fall and a resultant injury. He cannot rely on the doctrine of res ipsa loquitur.
The rules concerning slip and fall cases in our jurisprudence have been stated many times. Where the storekeeper's employee creates the hazard, the storekeeper is liable under the principle of respondeat *742 superior. However, where the hazard is created by a third person, for whose acts the storekeeper is not legally liable, the basis of liability is the storekeeper's failure to remedy or to warn of the hazard created, after the storekeeper has actual or constructive knowledge of the hazard so created. A storekeeper is held to have constructive knowledge of the hazard when it is shown that the hazard remained on the premises for an unreasonable length of time. Dever v. George Theriot's, Inc., La.App., 159 So.2d 602.
The common law doctrine of "res ipsa loquitur" which has been adopted by our jurisprudence is not a substitute for proof of negligence. The doctrine furnishes a rule of evidence, the applicability of which is to be determined on the conclusion of the trial, and it is appropriate where plaintiff cannot be expected to have any information as to the cause of the accident, whereas defendant must be assumed to be fully informed on the subject and the accident is the kind which ordinarily does not occur when due care has been exercised. Plunkett v. United Electric Service, 214 La. 145, 36 So.2d 704, 3 A.L.R. 2d 1437.
As previously stated, the record does not indicate knowledge on the part of anyone as to how the water happened to be on the floor or how long it had been there. Without such evidence, there can be no constructive knowledge of the hazard on the part of the storekeeper.
For the above reasons, the judgment of the trial court will be reversed and judgment will be entered in favor of the defendant, rejecting plaintiff's demands; plaintiff to pay all costs.
Reversed and rendered.
CULPEPPER, Judge (dissenting).
In my view, the plaintiffs should recover. The duty of a large self-service grocery store, to keep its premises reasonably safe for customers, certainly includes the duty to make reasonable inspections of its aisles. Here, the defendant made no inspection whatever of this particular aisle for a period of about two hours preceding Mrs. Lofton's fall. I think this is insufficient.
This omission of defendant's duty, when considered along with all of the other circumstances, makes it more probable than not that the water had been in the aisle long enough that defendant should have discovered it by reasonable inspection. Hence, the doctrine of res ipsa loquitur is applicable and creates an inference of negligence on the part of the defendant. The circumstances were such that the defendant was required to come forward with an explanation. Its failure to do so warrants a judgment against it.
The facts are substantially as set forth in the majority opinion. Of course, I would stress particularly the finding that defendant was unable to show any inspection of this particular aisle from the time the store opened at 9:00 a. m. until Mrs. Lofton's fall at about 11:00 a. m. The porter, whose duty it was to inspect the aisles during the day, was working as a bag boy on that particular Friday morning due to the large number of customers.
I would also like to point out that this was a hazard which could have been easily discovered by reasonable inspection. Any employee walking down the aisle making an inspection of the floor could easily have seen a puddle of water the size of a basketball.
Of course, I agree with the majority's statement of the general principles as to the duty of care owed by a storekeeper to his customers. He is not an insurer of their safety. But, he must exercise reasonable care under the circumstances for their protection. Hence, our first inquiry must be the duty of care owed under the particular facts of this case.
Certainly the reasonable care due by the proprietor of a small country store, who *743 personally waits on perhaps 50 to 100 customers a day, is not the same as the reasonable care due by the owner of a large self-service grocery store. The giant supermarket holds itself out as being safe, sanitary, convenient, and modern in all respects. The customer is invited into this environment and asked to push a basket cart along the aisles. His attention is also deliberately attracted to the glamorous merchandise on display. Thus distracted, the ordinary customer does not pay close attention to the possibility of hazards on the floor.
Furthermore, the great volume of merchandise, and the large number of customers and employees, increases the possibility that hazardous conditions will occur. All of this requires a proportionately higher duty of care on the part of the proprietor to make the premises safe.
The majority opinion correctly requires the storekeeper to make reasonable inspections of the premises to discover dangerous conditions created by customers or other third persons. This duty is now firmly established in our jurisprudence, as shown by the cases cited by the majority. The failure of defendant to inspect this aisle, for a period of over two hours preceding the accident, was clearly a breach of this duty. A self-service grocery store, commodating between 4,000 and 6,000 customers per day and having approximately 20 employees, should certainly inspect its aisles for obvious hazards such as this more than once in each two hour period. See Vogts v. Schwegmann, La.App., 56 So. 2d 177 (4th Cir.1952) in which 30 to 40 minutes was held to be sufficient time to give constructive notice of a hazard in an aisle. This was the basic finding of the trial judge, with which I strongly concur.
I think Pilie v. National Food Stores of Louisiana, Inc., 245 La. 276, 158 So.2d 162 (1963) sets forth the guidelines for a decision in the present case in plaintiff's favor. In Pilie, the plaintiff, a customer in a self-service store, was walking along an aisle near a Coca-Cola display when a six-bottle carton fell to the floor. A bottle broke and flying glass cut plaintiff's foot. The evidence did not affirmatively show what caused the carton to fall. With three justices dissenting, the court refused to apply the doctrine of res ipsa loquitur. The majority reasoned that the evidence as a whole showed two plausible causes for the carton falling, i.e., (1) defendant's employees or (2) unknown customers could have left the cartons in a hazardous position.[1] The majority concluded that negligence on the part of defendant's employees was not the only plausible explanation of the accident and, therefore, res ipsa loquitur was inapplicable.
The Pilie case is readily distinguishable from the present matter on the facts. In Pilie there were three equally plausible explanations for the cartons being in a hazardous position. Inspection procedures were not discussed and were not an issue insofar as the majority opinion was concerned. The hazard itself, i.e., a carton of Coca-Cola dangerously perched on a shelf, was more difficult to discover by reasonable inspection than a puddle of water in the middle of an aisle, as in the present case.
Another thing I note particularly from the Pilie case is that, although there are expressions in previous cases from the courts of appeal,[2] that the doctrine of res ipsa loquitur cannot be applied in slip and fall cases, the decision in Pilie makes no such prohibition. The majority discusses the doctrine of res ipsa loquitur and finds *744 it is inapplicable under the facts. Three dissenting justices thought the doctrine was applicable. Not one of the seven justices said the doctrine could not be applied in cases of this type.
In the Pilie case, the court quotes from Larkin v. State Farm Mutual Automobile Insurance Company, 233 La. 544, 97 So.2d 389 (1957) the following often quoted statement of general principles of the doctrine of res ipsa loquitur:
"It is generally conceded that res ipsa loquitur in no way modifies the rule that negligence will not be presumed. The application of the rule does not, therefore, dispense with the necessity that the plaintiff prove negligence, but is simply a step in the process of such proof, permitting the plaintiff, in a proper case, to place in the scales, along with proof of the accident and enough of the attending circumstances to invoke the rule, an inference of negligence, thereby obtaining an advantage and placing on the defendant the burden of going forward with proof to offset that advantage. When all the evidence is in, the question is still whether the preponderance is with the plaintiff. All that is meant by res ipsa loquitur is `that the circumstances involved in or connected with an accident are of such an unusual character as to justify, in the absence of other evidence bearing on the subject, the inference that the accident was due to the negligence of the one having control of the thing which caused the injury. This inference is not drawn merely because the thing speaks for itself, but because all of the circumstances surrounding the accident are of such character that, unless an explanation can be given, the only fair and reasonable conclusion is that the accident was due to some omission of the defendant's duty.'"
Applying the general principles set forth in the Pilie case to the particular facts of the present matter, I think the doctrine of res ipsa loquitur is applicable here. My reasoning is as follows: The duty of reasonable care owed by this large selfservice grocery store to its customers is of a high degree and certainly requires inspection of the aisles and passageways for obvious hazards such as this more often than once every two hours. The defendant has breached this duty. Hence, it has failed to exercise ordinary care to keep its premises reasonably safe for its patrons.
Referring back to the quotation from the Larkin case, supra, this breach of duty permits the plaintiff to "place in the scales, along with proof of the accident and enough of the attending circumstances to invoke the rule, an inference of negligence, thereby obtaining an advantage and placing on the defendant the burden of going forward with proof to offset that advantage."
In the present case, the evidence does not show how the water came to be on the floor or how long it had been there. It could have been left on the floor after the mopping by the store employees that morning, or it could have been spilled by an employee, in which event defendant is liable. Or, it could have been spilled on the floor by a customer or other third person, in which event defendant is not liable unless the water remained there for a sufficient time that it should have been discovered by reasonable inspections. But, defendant made no inspections, despite the jurisprudence requiring them. This failure of due care, when considered along with all of the other circumstances, makes it more probable than not that the water was on the floor long enough that defendant should have discovered and removed it.
Again, following the concluding language of the above quotation from the Larkin case, this inference is not drawn merely because the accident speaks for itself, but because all of the circumstances surrounding the accident are of such a character that, unless an explanation is given by the defendant, the only fair and reasonable conclusion is that the accident *745 was due to the omission of defendant's duty to make the inspections which the law requires.
Counsel for plaintiff has cited Jenkins v. Brackin, 171 So.2d 589 (Fla.App., 2nd Dist.1965) in which the court reaches the same conclusion, although it uses the rule of circumstantial evidence, rather than res ipsa loquitur, to infer negligence.[3] There, plaintiff slipped and fell on a string bean in a small store with three employees. No evidence showed how the bean came to be on the floor or how long it had been there. But, the boy whose duty it was to keep the floor clean near the vegetable bins, said the floor had not been swept for 15 to 20 minutes. The court held:
"While it may be true that there is no direct evidence of how long the bean was on the floor, it is inaccurate to say there is no evidence of such matter. Certainly the proof that the defective condition existed long enough so that it should have been discovered may be proved, like any fact, by circumstantial evidence.
"(4) Furthermore, the rule imposing liability on a proprietor of a public building, on the basis of constructive notice, creates a duty of making reasonable inspections of the portions of his premises that are open to his customers. It follows then that evidence that no inspection had been made during a particular period of time prior to an accident may warrant an inference that the dangerous condition existed long enough so that the exercise of reasonable care would have resulted in discovery."
For the reasons assigned, I respectfully dissent.

On Application for Rehearing.
En Banc. Rehearing denied.
CULPEPPER and FRUGE, JJ., vote for a rehearing.
NOTES
[1] In a concurring opinion, Justice Sanders says there was a third possibility, i.e., heavy construction equipment nearby caused vibrations which could have moved the carton of bottles to the hazardous position from which it fell.
[2] Peters v. Great Atlantic & Pacific Tea Company, La.App., 72 So.2d 562 (2d Cir. 1954)
[3] See the Comment, 25 La.L.Rev. 748, which suggests that res ipsa loquitur, as defined in Louisiana jurisprudence, reaches substantially the same result as inference of negligence from circumstantial evidence in other jurisdictions.