227 So.2d 387 (1969)
Mrs. Catherine DeBruyn FREDERIC and Jules Frederic
v.
WINN-DIXIE LOUISIANA, INC., and the Fidelity and Casualty Company of New York.
No. 3449.
Court of Appeal of Louisiana, Fourth Circuit.
May 5, 1969.
Rehearing Denied June 2, 1969.
Writ Refused October 1, 1969.
Frank J. Varela, New Orleans, for plaintiffs-appellees.
Christovich & Kearney, W. K. Christovich, New Orleans, for defendants-appellants.
Before HALL, GARDINER and LeSUEUR, JJ.
HALL, Judge.
Mrs. Catherine DeBruyn Frederic sustained a fractured kneecap when she slipped and fell while shopping in the Winn-Dixie grocery store located at 3425 St. Charles Avenue in New Orleans. She filed this suit for damages for her personal injuries against Winn-Dixie Louisiana, Inc., operator of the store and its insurer, The Fidelity and Casualty Company of New York. Her husband, Jules Frederic, joined in the suit on behalf of the community seeking recovery for medical expenses and other special damages. Following trial on the merits judgment was rendered *388 against the defendants in favor of Mrs. Frederic for $2,750.00 and in favor of her husband for $330.74. Defendants appealed. Mrs. Frederic answered the appeal praying that the judgment in her favor be increased to the sum of $8,000.00.
The accident happened at approximately 2:00 P.M. on Thursday, September 24, 1964. Mrs. Frederic had driven her daughter, Mrs. Hilda Rachel, to the store arriving there a few minutes before 1:00 P.M. Her daughter, Mrs. Rachel, who worked as a cashier at the store immediately assumed her duties on the 1:00 P.M. to 8:00 P.M. shift and Mrs. Frederic decided to do her week's shopping in the store.
The store is equipped with three check out counters with cash registers all of which are located to the right of the store entrance which is in the center of the building facing St. Charles Avenue. The produce department is located on the left of the store.
The store employs two cashiers, one of whom works from 8:00 A.M. to 2:00 P.M. and the other from 1:00 P.M. to 8:00 P. M., so that there is an overlap from 1:00 to 2:00 P.M. when two cashiers are on duty. Upon arriving at the store plaintiff's daughter, Mrs. Rachel, took up her duties at the left cash register, i.e. the one nearest the door. Gladys Thompson who worked the 8:00 A.M. to 2:00 P.M. shift was on duty at the middle register and the right register located near the store office was unmanned.
The plaintiff finished her shopping a few minutes before 2:00 P.M., having been in the store approximately an hour, and checked out with Gladys Thompson at the middle register, it being contrary to store policy to check out with a relative. She left the store with her groceries and placed them in her car and then reentered the store to purchase some spices which she had forgotten. It was then approximately 2:00 P.M. and Gladys Thompson, preparing to go off duty, had left the middle register and was getting her belongings from under the right check out counter when Mrs. Frederic appeared to check out her small purchases. Gladys called to her and told her she would check her out at the right register which was done.
Mrs. Frederic then stepped into the narrow passage between the cash registers and the front of the building, turned to her right toward the door and immediately thereafter slipped on a grape which was lying on the concrete floor of the passageway about midway between the right and the middle check out counters, fracturing her left kneecap.
The principal issue is the liability vel non of the defendants.
As stated in Lofton v. Travelers Insurance Company, La.App., 208 So.2d 739, 741:
"The rules concerning slip and fall cases in our jurisprudence have been stated many times. Where the storekeeper's employee creates the hazard, the storekeeper is liable under the principle of respondeat superior. However, where the hazard is created by a third person, for whose acts the storekeeper is not legally liable, the basis of liability is the storekeeper's failure to remedy or to warn of the hazard created, after the storekeeper has actual or constructive knowledge of the hazard so created. A storekeeper is held to have constructive knowledge of the hazard when it is shown that the hazard remained on the premises for an unreasonable length of time. Dever v. George Theriot's Inc., La.App., 159 So.2d 602."
It is well settled that the doctrine of res ipsa loquitur is not applicable to cases of this type and that plaintiff bears the burden of proving by a preponderance of the evidence that the object causing the accident had been placed on the floor by the owner or one of his employees, or, if placed there by someone else, the burden is upon plaintiff to show that the owner or *389 one of his employees had actual knowledge of the presence of the foreign object or that it had remained on the floor for such a period of time that such knowledge would be presumed. See Boucher v. Paramount-Richards Theatres, Inc., La.App., 30 So.2d 211; Peters v. Great Atlantic & Pacific Tea Co., La.App., 72 So.2d 562; Meyerer v. S. H. Kress and Co., La.App., 89 So.2d 475; Levine v. Hartford Accident & Indemnity Company, La.App., 149 So.2d 433; Roberts v. Courville, La.App., 162 So.2d 750; Fish v. Aetna Casualty & Surety Company, La.App., 205 So.2d 187.
The Trial Judge in his "Reasons for Judgment" said in part:
"The Court finds as a fact that the grape was on the floor for more than one hour * * *
"Under the circumstances the storekeeper did not keep the floor and passageway in a safe condition for use in a manner consistent with the purpose of the premises."
The record is devoid of any proof whatever as to where the grape came from, who dropped it, how it happened to be on the floor, or how long it had been there prior to the accident. No one had seen it prior to the accident. Evidently the Trial Judge arrived at his conclusion that the grape had been on the floor for more than an hour by some inference not disclosed in his opinion. Plaintiffs' counsel contends that the following facts compel such an inference:
(a) The right check out counter adjacent to which Mrs. Frederic fell had not been used for over an hour prior to the fall and therefore was the counter least apt to be littered by debris during that period;
(b) the walkway area between the right check out counter and the middle check out counter where Mrs. Frederic fell had not been swept, mopped or otherwise cleaned at any time during the hour before the accident;
(c) on the day of the accident the walkway was littered with cigarette butts, paper and other trash;
(d) the testimony of the store manager, Don Loisel, is silent as to whether any inspection of the counter and walkway area was made on the day of the accident.
Counsel then states in his brief: "Considering all of these factors together, the Trial Court properly came to the inescapable conclusion that since there had been no customer traffic in and around the area of the right counter where Mrs. Frederic fell for over an hour and since that area had not been cleaned for over an hour, the grape necessarily had to be on the floor for over an hour."
This conclusion is obviously a non sequitur. The grape may have been dropped by a customer at the middle counter and rolled to its position in the passageway. It may have been dropped a few minutes before Mrs. Frederic fell and again it may have remained there for over an hour. It is possible that it was on the floor a sufficient length of time to constitute constructive notice of its presence so that the failure of the storekeeper to remove it was negligence for which the plaintiff might recover, but there is no proof of this and its presence on the floor does not cast the burden on the defendants to show how and when it got there. That burden is on the plaintiffs. See Powell v. L. Feibleman & Co., Inc., La.App., 187 So. 130.
Plaintiffs contend that the store had no adequate system of inspection and that while the owner of a business establishment is not the insurer of the safety of his customers he owes to invitees and business patrons the use of ordinary care in the maintenance thereof.
Mr. Loisel, the store manager, testified that the store was mopped every night at closing time and that during business hours the produce department was checked every half hour and the front of the store was *390 checked every hour or hour and a half and that the employees were instructed to pick up every "foreign matter, vegetable matter" on the floor. The record does not show that these inspections were not carried out.
The cashiers had instructions to sweep the passageway in front of the check out counters whenever they had time, but on the day of the accident both cashiers were very busy between 1:00 and 2:00 P.M. and the floor was not swept during that time. Whether it was swept before 1:00 P.M. is not disclosed.
The Winn-Dixie store where the accident occurred is a small store employing only five persons on a full time basis. It did not do a large volume of business. The accident did not occur in the "produce aisle" but in the front of the store and the record reveals that no produce or vegetable matter is transported across this area by employees. The area where the accident occurred is frequented only by customers who have checked out and by bag boys. Under the circumstances we are of the opinion that the store's inspection proceedings were reasonably adequate and we cannot say that the fact the front passageway was not swept between 1:00 and 2:00 P.M. constituted negligence on the part of the store.
In Lofton v. Travelers Insurance Company, La.App., 208 So.2d 739, plaintiff slipped in a puddle of clear water about the size of a basketball and fell to the floor. The evidence did not show how the water came to be on the floor or how long it had been there. The accident occurred between 10:30 and 11:00 A.M. No inspection of the area where the accident occurred had been made since the store opened at 9:00 A.M. The Appellate Court said:
"* * * Defendant was unable to show any specific inspections of the floor during the period from the time the store opened until the time Mrs. Lofton fell. Thus, the district judge found as a fact that the store's inspection procedures were inadequate for a store with this great number of customers and the consequent likelihood of hazardous conditions being created by customers and employees.
"[1] This holding indicates that the burden of proof rests upon the defendant to prove to the court's satisfaction that an adequate inspection procedure was used and that, in spite of the inspection procedure, the accident occurred. This in essence is an application of the doctrine of res ipsa loquitur. This doctrine was urged in the case of Joynes v. Valloft & Dreaux, Inc., La.App., 1 So.2d 108, wherein the court held that the doctrine could only apply where it is shown that the accident would not have occurred in the ordinary course of events without intervention of negligence.
"[2, 3] The court is aware of the many problems which face a plaintiff in proving a slip and fall action. Rarely will the plaintiff have the names and addresses of any independent witnesses. The facts concerning the accident and the existing conditions will almost always lie within the knowledge of persons who, because of adverse interests, are reluctant to make disclosures. However, the fact that these problems exist does not relieve the plaintiff from carrying the burden of proof throughout the trial. He is not aided by any presumption from the mere fact of a fall and a resultant injury. He cannot rely on the doctrine of res ipsa loquitur."
The Appellate Court reversed the judgment of the Trial Court and rendered judgment in favor of the defendant. Judge Culpepper wrote a strong dissent in the case taking the position that a two hour lack of inspection was unreasonable for a busy self-service store and that under such circumstances the store had to come forward with some explanation of the accident to show that it did not occur due to the omission of defendant's duty to make reasonable inspections.
*391 Plaintiff applied for a writ of review which was refused by the Supreme Court which stated that under the facts found by the Court of Appeal, the result reached was correct. See Lofton v. Travelers Ins. Co., 252 La. 457, 211 So.2d 327.
For the foregoing reasons the judgment appealed from is reversed and judgment is now rendered in favor of the defendants, Winn-Dixie Louisiana, Inc., and The Fidelity and Casualty Company of New York and against the plaintiffs, Mrs. Catherine DeBruyn Frederic and Jules Frederic, rejecting said plaintiffs' demands and dismissing their suit at their cost. Further judgment is rendered fixing the expert witness fees of Drs. Raymond Kitziger, Louis Leggio and Rufus H. Alldredge at $100.00 each and taxed as costs. Costs of this appeal shall be borne by plaintiffs-appellees.
Reversed and rendered.