286 So.2d 686 (1973)
Gloria ESTRADE, wife of/and D. B. Estrade
v.
WINN-DIXIE STORES, INC. a/k/a Winn-Dixie Louisiana, Inc.
No. 5652.
Court of Appeal of Louisiana, Fourth Circuit.
November 2, 1973.
Rehearing Denied January 8, 1974.
Writ Refused March 8, 1974.
Christovich & Kearney, John J. Cooper, New Orleans, for defendant-appellant.
James F. Flanagan, for plaintiffs-appellees.
Before SAMUEL, CONNOLLY, and DURAN, JJ.
GEORGE C. CONNOLLY, Jr., Judge pro tempore.
Plaintiffs, Mrs. Gloria Estrade, wife of, and D. B. Estrade, filed this suit against *687 Defendant, Winn-Dixie Louisiana, Inc., seeking recovery for personal injuries, loss of wages, and medical expenses occasioned from a slip and fall in Defendant's store, allegedly resulting from the negligence of Defendant.
The Defendant, Winn-Dixie Louisiana, Inc., answered denying negligence or liability and, alternatively, pleaded contributory negligence on the part of the Plaintiff, Gloria Estrade.
The trial court rendered judgment for Plaintiffs, and Defendant lodged this suspensive appeal. We affirm the judgment of the trial court.
Evidence at the trial indicated that Plaintiff, Gloria Estrade, slipped on a piece of green shallot leaf or shallot-like material at the Winn-Dixie Store at 806 Metairie Road. The accident occurred on October 16, 1970, at the check-out counter of the store.
After she fell, the store manager or other employee, found a small piece of shallot-like material, about an inch to an inch and a half long, on the bottom of Plaintiff's shoe.
As a result of her fall, Plaintiff was extensively treated by Dr. Walter H. Brent, Jr., an orthopaedic surgeon, including surgery, and sustained a partial permanent disability of the right lower extremity from seven to ten per cent.
The factual question placed before this Court is a determination as to where the piece of shallot-like material came from, which was picked up on Plaintiff's shoe. From an examination of the record, there is no evidence as to how the shallot-like material came to be on the floor, or that its presence was caused by Defendant's employees. There is also no direct evidence as to how long the shallot was on the floor.
This Court recently annunciated the law applicable to fact situations such as the one in the present case. In Fontanille v. Winn-Dixie Louisiana, Inc., 260 So.2d 71 (La.App., 4th Cir., 1972) we stated:
"It is well settled that a storekeeper or owner of a business establishment is not the insurer of safety of visitors, however, he has a responsibility to provide a safe place for his customers by keeping floors and passageways in a reasonably safe condition for use in a manner consistent with the purposes of the premises. [Citations Omitted.]
"It is also apparent that a customer must prove a breach of the duty of the owner to use reasonable care and that an owner had either actual or constructive knowledge of the existence of an extraneous substance upon the floor for such a time that the owner had an opportunity to remove it or should have had knowledge of the substance and removed it. Frederic v. Winn-Dixie Louisiana, Inc., 227 So.2d 387 (La.App., 4th Cir., 1969)."
The burden of proof rests with the Plaintiff in cases of this type. In the opinion of some jurists the burden placed on a Plaintiff in proving a slip and fall action is too great a burden. See Judge Culpepper's dissent in Lofton v. Travelers Insurance Co., 208 So.2d 739 (La.App., 3rd Cir., 1968); the concurring opinion of Judge Tate in Broussard v. National Food Stores of Louisiana, Inc., 233 So.2d 599 (La.App.3rd Cir., 1970); and the dissenting opinion of Judge Miller in Brown v. Kroger Co., 252 So.2d 336 (La.App., 3rd Cir., 1971).
In the Fontanille v. Winn-Dixie Louisiana, Inc., supra, two methods of discharging the burden of proof were discussed. The first method was by use of the res ipsa loquitur doctrine, but such a doctrine was held to be inapplicable in cases of this nature. The second method was by showing that the storekeeper breached the duty of care to his customers.
The Fontanille Court held that the failure to provide and maintain reasonable and adequate cleanup and inspection procedures *688 renders a store liable when a patron slips and falls on a foreign substance found on the floor of the establishment.
In determining this duty, consideration must be given to several factors, including the nature of the premises, the business purposes for which it is used, the volume of business, the likelihood that the passageway may become obstructed through shopping activities of employees and other customers, and the nature of the obstacle. Broussard v. National Food Stores of Louisiana, Inc., supra.
Under cross examination by Plaintiff's counsel in the present case, the store manager of Winn-Dixie testified that on the date of the accident, it was the store's practice in 1970 to completely sweep the store twice a day, that is, about 11:00 a. m. and 3:00 o'clock p. m. The practice included sweeping certain areas of the store, mainly the front of the store (where the accident occurred) and the produce section, more often. Plaintiff testified the accident occurred shortly after noon.
The store manager further testified that he and his employees kept their eyes open for anything that might be on the floor. This latter method, however, relies on chance, and the only "definite" system of cleaning is the two sweepings of the entire store.
The testimony shows that the checkout aisle where the accident occurred had been cleaned between 11:00 a. m. and 11:30 o'clock a. m. The accident happened between 12:00 noon and 1:00 o'clock p. m. The aisles had not been cleaned and swept for anywhere from approximately thirty minutes to as much as two hours before the accident.
In the large number of slip and fall cases involving grocery stores or supermarkets decided by Louisiana courts, most of the accidents occurred either at the produce or frozen food sections, or at the check-out counters. Thus, a storekeeper knows that he must provide reasonable and adequate cleanup and inspection procedures in these areas of the store.
This Court, like the trial judge below, is not impressed with the cleanup and inspection practices adopted by the store manager of Winn-Dixie, either as to the entire store or to areas, as in the instant case, which are frequently exposed to accidents of this nature. Had the Defendant adopted a reasonable program of inspecting the floors, the store manager or his employees would have discovered the shallot-like material that had been on the floor for a minimum of thirty minutes.
In Vogts v. Schwegmann, 56 So.2d 177, (La.App.1952), we held that the passage of thirty or forty minutes was sufficient time in which to give a storekeeper or his employees constructive notice of the existence of a dangerous condition in a portion of his store which customers are invited to use. Likewise in Walters v. Sears, Roebuck & Co., 196 So.2d 563, (La.App., 4th Cir., 1967), this Court found Sears department store liable when it failed to exercise ordinary care in the maintenance of the passageways, in that it neglected to discover a clear, greasy substance spilled in the passageway for at least forty-five minutes before the accident.
We are of the opinion that the preponderance of evidence establishes that the shallot or shallot-like material was on the Defendant's floor for at least thirty minutes; that this was adequate time in which the store manager or his employees might have discovered this substance, and that the store lacked a definite and systematic program for the discovery of such substance in the store, or where falls are most likely to occur.
For the foregoing reasons, the judgment of the lower court is affirmed, the appellant to pay all costs.
Affirmed.