CLEVELAND J. MARCEL, Sr., Judge Pro Tem.
Mrs. Aline Burke sustained a fractured kneecap when she slipped and fell while shopping in the Winn-Dixie supermarket located in the Carrollton area of New Orleans. This suit for damages was filed against Winn-Dixie Louisiana, Inc., operator of the store and its insurer, Fidelity and Casualty Insurance Company. Following a trial on the merits, judgments were rendered against the defendants in favor of Mrs. Aline Burke in the Amount of $15,000 for her pain and suffering and special damages of $3,899.11. From this judgment defendants perfected this appeal.
The trial court found that at about 11:00 a. m. on July 10, 1970, Mrs. Burke and her sister, Mrs. Schriever, were shopping in the Winn-Dixie store. After completing their shopping, both had gone to the check-out counter. Mrs. Burke noticed that she had put the wrong type of milk in her cart and left her sister at the check-out counter to exchange the milk. After exchanging the milk, and on her way back to the check-out counter, she slipped on an orange peeling that was in a puddle of water near the dairy case in the store.
Employees of Winn-Dixie testified that the dairy case had been leaking water on the floor for some months. Service personnel had been called to correct the defect causing the water to leak from the case, but no one had worked on the case. In order to stop the leaking water from flowing on the floor, employees stuffed dirty aprons around the area where the leak dropped to the floor. However, the court properly found that this was not adequate and that in fact, water did flow into the aisles where customers walked while shopping.
This court is of the opinion, after reviewing all the testimony contained in the record that the trial judge’s findings a-re borne out by the testimony.
The principal issue is the liability vel non of the defendants. As stated in Lofton v. Travelers Insurance Co., 208 So.2d 739 (La.App. 1968):
“The rules concerning slip and fall cases in our jurisprudence have been stated many times. Where the storekeeper’s employee creates the hazard, the storekeeper is liable under the principle of re-spondeat superior. However, where the hazard is created by a third person, for whose acts the storekeeper is not legally liable, the basis of liability is the storekeeper’s failure to remedy or to warn of the hazard created, after the storekeeper has actual or constructive knowledge of the hazard so created. A storekeeper is held to have constructive knowledge of the hazard when it is shown that the hazard remained on the premises for an unreasonable length of time. Dever v. George Theriot’s, Inc., La.App., 159 So. 2d 602.”
See also Frederic v. Winn-Dixie Louisiana, Inc., 227 So.2d 387 (La.App. 1969).
-This court agrees with the findings of the trial judge that Winn-Dixie permitted a dairy case to leak water for many months before replacing it. The stuffing of dirty aprons underneath the dairy case to absorb water was an archaic system practiced at this store. The trial judge found conflicting testimony as to whether there was water on the floor from the leaking dairy case that caused Mrs. Burke to slip and fall. He resolved this conflict in that he believed the testimony of Mrs. Burke and her sister, Mrs. Schriever, and thus found that Mrs. Burke had proven her case by a preponderance of the evidence.
As to the quantum, Mrs. Burke was 67 years of age at the time she sustained her injuries. She was seen by Dr. C. Wal *786 ter Mattingly, a general surgeon, and her personal physician, on July 10, 1970. He found that Mrs. Burke had a transverse fracture of the right patella, nephritis and myocarditis. She was admitted to Hotel Dieu on .July 24, 1970 and referred to Dr. Walter H. Brent, Jr., an orthopedic specialist.
Dr. Brent cared for her knee injury. Dr. Mattingly saw Mrs. Burke for her nephritis and myocarditis and determined that they were not caused by the accident, but were due to her age.
Dr. Brent testified that he saw Mrs. Burke in Hotel Dieu, as per arrangements with Dr. Mattingly, on July 10, 1970. He stated he found swelling and marked tenderness over the knee area and x-rays showed a transverse fracture of the patella. When the swelling subsided, she was placed in a cylinder type cast from the groin to the ankle and discharged from Hotel Dieu on July 24, 1970.
Dr. Brent saw her again on August 17, 1970 and x-rays showed continued good position of the fragments of the patella. He removed the cast on August 31, 1970 and again, x-rays showed a good fracture healed. She was placed in a posterior type splint and provided with an ace bandage. She could walk with knee stiffness and with very little motion. He saw her again on September 8, 1970, September 22, 1970, October 6, 1970, October 20, 1970, November 17, 1970, December 29, 1970, February 1, 1971, February 22, 1971, March 16, 1971, March 29, 1971, May 31, 1971, July 12, 1971, August 23, 1971, October 25, 1971, January 10, 1972, and again on June 26, 1972. Dr. Brent suggested that a patellec-tomy was necessary because of her pain; however, Dr. Mattingly strongly opposed this surgical procedure because of her general condition. Dr. Brent stated that on her last visit she was no better; she had pain over the kneecap with clicking present. She had been given pain killing medication throughout treatment.
This court is of the opinion that the trial judge evaluated Mrs. Burke’s condition as one that would be persistent and cause her pain the rest of her life. In this regard the trial court was eminently correct and the sum of $18,899.11 is not excessive under the circumstances.
For the foregoing reasons, the judgment of the lower court is affirmed, all costs of the appeal to be paid by the defendants.
Affirmed.