BOUTALL, Judge.
Early one Sunday morning, Mrs. Carrie Richardson was shopping for groceries at a Winn-Dixie store located at Washington and South Claiborne Avenues. ' After shopping for one-half hour or so she slipped upon some grapes and fell onto the floor. She and her husband bring this suit for personal injuries and damages as a result of the fall. Judgment was rendered in their favor, and the defendant store and its insurer appeal.
Our examination of the record discloses that the store in question opened for business at 8:00 A.M. this Sunday morning.
*766 Mrs. Richardson entered the store some time later and after shopping for one-half hour to forty-five minutes she slipped upon several grapes located on the floor of a passageway between two tables, one displaying fresh potatoes and one displaying instant or died potatoes, which tables were located in a larger aisle bounded on one side by the fresh produce counter and on the opposite side by the frozen food boxes. The time of the fall is at issue but determined to be 9:45 by the trial judge. There is no direct evidence presented to show how long the grapes had been on the floor, nor how they had gotten there. We are thus presented with the problem which has been presented numerous times to our appellate courts, that is the extent of the duty owed by a storekeeper to the store’s patrons, and the violation of that duty. This is basically the same problem presented to this court in the case of Frederic v. Winn-Dixie Louisiana, Inc., 227 So.2d 387 (La.App. 4th Cir. 1969) even to the extent of the foreign substance slipped on. In that case we stated the following:
“The principal issue is the liability vel non of the defendants.
“As stated in Lofton v. Travelers Insurance Company, La.App., 208 So.2d 739, 741:
‘The rules concerning slip and fall cases in our jurisprudence have been stated many times. Where the storekeeper’s employee creates the hazard, the storekeeper is liable under the principle of respondeat superior. However, where the hazard is created by a third person, for whose acts the storekeeper is not legally liable, the basis of liability is the storekeeper’s failure to remedy or to warn of the hazard created, after the storekeeper has actual or constructive knowledge of the hazard so created. A storekeeper is held to have constructive knowledge of the hazard when it is shown that the hazard remained on the premises for an unreasonable length of time. Dever v. George Theriot’s Inc., La.App., 159 So.2d 602.’
“[1,2] It is well settled that the doctrine of res ipsa loquitur is not applicable to cases of this type and that plaintiff bears the burden of proving by a preponderance of the evidence that the object causing the accident had been placed on the floor by the owner or one of his employees, or, if placed there by someone else, the burden is upon plaintiff to show that the owner or one of his employees had actual knowledge of the presence of the foreign object or that it had remained on the floor for such a period of time that such knowledge would be presumed.”
(Citations omitted.)
The difficulty presented in this type of case arises mainly out of the inability of the parties to produce proof to show how long the foreign object causing the slip has remained upon the floor of the premises. See the majority and dissenting opinions in Lofton v. Travelers Insurance Company, supra, and Broussard v. National Food Stores of Louisiana, Inc., 233 So.2d 599 (La.App. 3rd Cir. 1970). As a result of seeking to resolve this question of proof our intermediate Courts of Appeal have adopted several approaches, some of which are seemingly in conflict with others. A discussion of this problem may be found in Lang v. Winn-Dixie Louisiana, Inc., 230 So.2d 383 (La.App. 1st Cir. 1970). In this Circuit, we have recently expressed our opinion of the applicable rules in the case of Estrade v. Winn-Dixie Stores, Inc., 286 So.2d 686 (La.App. 4th Cir. 1974) as follows :
“This Court recently annunciated the law applicable to fact situations such as the one in the present case. In Fontanille v. Winn-Dixie, Louisiana, Inc., 260 So.2d 71 (La.App., 4th Cir., 1972) we stated:
‘It is well settled that a storekeeper or owner of a business establishment is not the insurer of safety of visitors, however, he has a responsibility to provide a safe place for his customers by keeping floors and passageways in *767 a reasonably safe condition for use in a manner consistent with the purposes of the premises. [Citations Omitted.]
‘It is also apparent that a customer must prove a breach of the duty of the owner to use reasonable care and that an owner had either actual or constructive knowledge of the existence of an extraneous substance upon the floor for such a time that the owner had an opportunity to remove it or should have had knowledge of the substance and removed it. Frederic v. Winn-Dixie Louisiana, Inc., 227 So.2d 387 (La.App. 4th Cir., 1969).’ ”
After concluding that this was the applicable law, the court in Estrade then announced that it was not impressed with the cleanup inspection practices adopted by the store manager of Winn-Dixie, and had the defendant adopted a reasonable program of inspecting the floors, the foreign substance “that had been on the floor for a minimum of 30 minutes” would have been discovered. Although it does not state upon what evidence it so found, that court did find that the “shallot or shallot-like material was on the Defendant’s floor for at least thirty minutes.” A similar conclusion was reached in Walters v. Sears-Roebuck & Company, 196 So.2d 563 (La.App. 4th Cir. 1967) where a clear, greasy substance was spilled in a passageway.
In most cases presented, the proof is a matter of circumstantial evidence only. That is, the appearance of the foreign substance is such as to establish that it is more probable than not that it remained on the floor a certain period of time. See for example Fontanille v. Winn-Dixie Louisiana, Inc., supra, involving a banana; Lang v. Winn-Dixie Louisiana, Inc., supra, involving thawed frozen cut up okra. Such evidence, coupled with lack of a reasonable inspection procedure, produces a preponderance of evidence in favor of plaintiff. However, if one considers only the facts produced by the circumstantial evidence that there was no regularly scheduled inspection procedure it does not lead to any probable conclusion that the foreign substance was upon the floor for any particular length of time, but only establishes the outside limit of how long the substance could have remained on the floor.
In an effort to remove some of the confusion surrounding the burden of proof in a slip and fall, constructive notice type case, we have considered the problem en banc in the case of Gonzales et ux. v. Winn-Dixie Louisiana, Inc. and Continental Insurance Companies, Inc., La.App., 309 So.2d 697, decision handed down February 13, 1975. By a divided court, we sustained the principles announced by us in Frederic v. Winn-Dixie Louisiana, Inc., supra, and they are the controlling principles for this circuit. After citing from Frederic we said:
“We recognize that proof of an inadequate, faulty or improperly functioning inspection system or procedure is always admissible in adjudging the issue of a store owner’s negligence. However, it is but one of the aspects or factors that must be considered in the court’s determination of liability and standing alone cannot support a finding of negligence in the absence of attendant circumstances that would render its omission as the proximate cause of the accident. The facts of defendant’s inspection in this case do not alone support a finding that the defendant store owner was negligent.”
A consideration of the evidence in this case convinces us that these same principles apply here and are controlling of the issues herein. Indeed the facts of inspection and care are much stronger here for defendants’ position.
In the case at bar the trial judge did not make a finding as to the length of time that the grapes remained in the passageway. He concluded that the defendant store had improper inspection procedures, because there was no definite set schedule of inspection and cleaning (he would require hourly inspection of the whole store and 15 minute inspections of certain areas) *768 carried out by responsible persons (by this he means the store manager or the assistant store manager). His reasons for judgment and his obiter dicta (which seem to be an explanation for his conclusions in the reasons for judgment) show that the trial judge imposed in this case the doctrine of res ipsa loquitur. The overwhelming weight of the jurisprudence is a rejection of this doctrine in general, holding that it could only apply in certain specific cases. In the somewhat related factual circumstance of injury caused by falling displays in self service stores, the Supreme Court of Louisiana has had occasion to consider the application of this doctrine and has refused. Pilie v. National Food Stores of Louisiana, Inc., 245 La. 276, 158 So.2d 162 (1963); Taylor et ux v. CNA Insurance Group, 300 So.2d 479 (La., 1974).
The evidence herein may be summarized as follows:
The record discloses that the time of the accident herein was questionable. The defendant produced evidence to show it occurred at 8:30 A.M. The plaintiffs produced evidence to show that it occurred at a time of somewhere between 9:30 and 9:45 A.M., despite the fact that both plaintiff and plaintiff’s witness in pretrial statements set the time at 8:30 A.M. The trial judge believed the testimony of plaintiff and her witness on trial and found the time of the accident to be 9:45 A.M. since this is strictly a question of credibility and we have nothing to measure the testimony against other than the conflicts in the testimony itself, we cannot say that the trial judge erred in this regard. Of course, the defendant was surprised by the unexpected shift of plaintiff’s testimony from the pretrial statements, and produced no evidence of inspection beyond 8:30, since that was the time the defendant originally contended the accident happened. However, the record shows that the entire store was cleaned the night before after all of the produce was put in order. The store manager inspected the store and this particular area prior to opening the store at 8:00 A.M. and again at some unspecified time thereafter. The assistant produce manager worked in that area until approximately 8:30 inspecting both the produce display and the floor and saw nothing amiss. The grapes are not kept loose or handled loose in this area, but are brought out in the familiar see-through packages for display. Only if a package was broken open in some way would there occasion to be loose grapes in the vicinity.
The store manager testified that inspection of the store took up approximately 90% of his time, and the produce manager testified that inspection took up approximately 50% of his time. Admittedly this is not all inspection of the floor, but also of the displays. In place of this procedure, the trial judge would impose upon the defendant certain rules of inspection prepared by the court in order to show compliance with the duty of reasonable care owed patrons. Our inquiry is limited only to whether the procedures adopted were reasonable or not and we do not find them unreasonable in this case under the evidence presented.
Accordingly, we are of the opinion that the plaintiff in this case has not borne the necessary burden of proof under the existing jurisprudence, and that the trial judge had erred in applying the doctrine of res ipsa loquitur in this case. Since we find no liability on the part of defendant, we do not discuss the extent of injuries and quantum.
For the reasons above assigned, the judgment appealed from is reversed. All costs to be borne by appellee.
Reversed and rendered.
REDMANN, J., concurring.