MILLER, Judge
(dissenting).
In my opinion, the plaintiff should recover. I believe the duty of a large self-service grocery store is to keep its premises reasonably safe for the customers and in so doing it is obligated to make systematic, frequent, and careful inspections of the aisles, particularly in the areas containing vegetable and fruit produce.
The perplexities created by these slip and fall cases are nowhere made more evident than in the opinions, (majority, concurring and dissenting) of the cases of Lofton v. Travelers Insurance Company, 208 So.2d 739 (La.App. 3 Cir. 1968) writs denied, 252 La. 457, 211 So.2d 327 (1968), and Broussard v. National Food Stores of Louisiana, Inc., 233 So.2d 599 (La.App. 3 Cir. 1970).
I am in agreement with Judge Culpepper’s conclusion in Lofton, particularly his explanation at 208 So.2d 744, to-wit:
“The duty of reasonable care owed by this large self-service grocery store to its customers is of a high degree and certainly requires inspection of the aisles and passageways for obvious hazards such as this more often than once every two hours. The defendant has breached this duty. Hence, it has failed to exercise ordinary care to keep its premises reasonably safe for its patrons. * * * This failure of due care, when considered along with all of the other circumstances, makes it more probable than not that the water was on the floor long enough that defendant should have discovered and removed it.”
I also subscribe to the reasoning of Judge (now Justice) Tate in his concurring opinion to his own majority opinion in the Broussard case. Judge Tate quite succinctly and correctly says it is unlikely the customer can find answers to the questions of (a) who put the slippery substance on the floor ? and (b) how long was it there ? Indeed the customer’s chances of proving this vary between slim and none, with emphasis upon the latter. I do not subscribe to the principle of absolute liability, but I do believe it is the duty of the storekeeper (and he should carry the burden of proving it) to employ systematic, frequent and careful inspections of the aisles for the sole purpose of cleanliness.
The casual meanderings of an occasional employee through the aisles two, three, or four times a day with the dual purposes of setting up and rearranging exhibits and perhaps checking the floors, with the emphasis upon the former, does not discharge the storekeeper’s responsibility. Requiring *339 an hourly inspection of the produce aisles for the sole purpose of checking the condition of the floors, is a reasonable requirement. This time schedule is not an absolute requirement but can be varied in accordance with the particular department and in accordance with the flow of traffic. Specific individuals should carry out definite assignments with respect to these inspections.
In the present case, the testimony by Kroger’s employees establishes the fact that the floor is swept at the beginning of the day, approximately 8:00 A.M. and after closing. Otherwise it is swept “upon needing it”. Indeed the produce manager, Will Hardy, admitted that the produce area was not swept between 12:00 P.M. and 3:00 P.M. on the date of the accident. Admittedly the purposes of the inspections were at best, dual, consisting of the obligation to make certain that the displays are properly set up and also to check the cleanliness of the area. The impression created by defendants’ witnesses was that the inspection procedures for the Kroger store were rather casual, if not haphazard. Added to this is the fact, not mentioned by the majority, that the floor color consisted of a pastel green and off-white which is hardly a prudent color for contrasting various shades of green produce.
The plaintiff must carry the burden of proving a dangerous condition existed at the point where the fall occurred and that the dangerous condition or foreign substance caused the fall. At this point it defies reality to assume the customer would be in a position to prove who dropped, or caused to fall, a foreign substance on the floor or how long it had been there. If he saw it fall or even that it was on the floor prior to the fall he would be guilty of contributory negligence by stepping on it. Where will he find an employee who will admit to dropping or even seeing it on the floor ? What casual customer will come forth with this information? The answers are self-evident. It then follows that the storekeeper must discharge the burden of proving he has carried out the systematic inspection described previously. In my judgment this is a reasonable alternative to absolute liability.
For the reasons assigned, I respectfully dissent.