STOULIG, Judge.
This is an action to recover damages for personal injuries and loss of property sustained in the destruction of a house trailer by fire.
The undisputed facts are that on October 31, 1967, plaintiff, Mrs. Donnis Sumerall Huggins, rented a house trailer from the defendant Milton Mongrue (“Mongrue”). Natural gas service was furnished to Mon-grue’s premises by the St. Charles Natural Gas Company, a subsidiary of the defendant Polaris Corporation, Inc. (“Polaris”), whose liability insurance carrier is Hartford Accident and Indemnity Company, also made a defendant.
Plaintiff did not immediately occupy the trailer, proceeding instead to clean it on November 1st and 2nd. At approximately 3 p. m., on November 2, in response to her request, the manager of Mongrue’s Trailer Park, Leon Blanchard, after turning off the gas valve at the meter, disconnected the stove and moved it to the center of the trailer. Admittedly he left the gas connection to the stove uncapped. Mrs. Huggins continued working until 7 p. m., that evening.
On the following morning, at about 6:45 a. m., the plaintiff returned to the trailer to secure some personal items prior to reporting to work. The weather being cold, upon entry into the trailer she immediately plugged-in an electric heater. Several minutes later when she attempted to light her cigarette a flash fire occurred causing her injury and property loss.
In due course, judgment was rendered in favor of plaintiff and against the defendant Mongrue. Her action against Polaris and Hartford was dismissed. From this judgment Mongrue has suspensively appealed. Mrs. Huggins has taken a devolu-tive appeal, seeking in increase in the quantum of damages and a reversal of the dismissal of Polaris and Hartford.
The specific issues involved in this appeal are the negligence of Mongrue, the negligence of Polaris, the contributory negligence of the plaintiff, and the applicability of the evidentiary doctrine of res ipsa loquitur, the theory upon which the trial court based its findings of liability. These issues will be treated separately.
After reviewing all of the evidence relative to the probable cause of this fire we are convinced it was gas ignited. The implication that the household detergents used by the plaintiff could have been the source of the fire has been totally negated by the testimony of Dr. Edward Caflisch, expert chemist. He testified without equivocation that the cleaning agents (Ajax with Ammonia, Ajax Window Cleaner, Johnson’s Klear Floor Polish, and Comet Cleanser) are not ignitable and S. O. S. Pads will not burn through because of the presence of soap. Also, the fire fighter who discovered an empty open turpentine can inside the trailer determined from its appearance that it had not exploded or burned.
Therefore it must be concluded that the only remaining probable cause of the fire was the highly combustible natural gas escaping from the uncapped connection.
We concur with the trial court’s conclusion that the evidence preponderates in favor of the factual finding that Mongrue operated a trailer rental facility which furnished natural gas service to multiple trailers from a common service line without providing separate shutoff valves. This system deprived the individual tenants of the ability to control the gas flow to their respective trailers.
The evidence bearing upon the negligence of Mongrue reflects that his employee, Leon Blanchard, failed to cap the detached gas connection to the stove. As a *878 reasonable individual, Blanchard should have realized that the shutoff valve was readily accessible to manipulation by passersby and, therefore, that the uncapped connection presented a continuing hazard, the potential danger of which could have been eliminated by the simple act of capping the pipe. Had he pursued this prudent course of action the disputed issue of the number of shutoff valves, their on-off position, and the multiservice line, would be of inconsequential legal significance, for the fire would have been prevented regardless of these conditions in the gas service system.
Mongrue, as the employer of Blanchard, is liable for this negligent act of omission of his employee under the respon-deat superior theory. This hazard having been negligently created by Blanchard while in the performance of his duties as manager of the trailer park, the damages occasioned thereby fall within the contemplation of LSA-C.C. art. 2320 rendering masters liable for the tortious actions of their servants. Lofton v. Travelers Insurance Company, 208 So.2d 739 (La.App.3d Cir. 1968).
The trial court correctly found that there is no evidence of concurrent negligence attributable to Polaris. As a distributor, it owed the duty to safely furnish natural gas to its meter and to maintain said meter in good working order. Absent any knowledge of the dangerous condition existing on the consumer’s property, no further duty is owed beyond its meter. Surry v. Arkansas Louisiana Gas Company, 170 So.2d 133 (La.App.2d Cir. 1964); Loyocano v. Louisiana Power & Light Co., 165 So. 515 (La.App.Orl.1936). It affirmatively appears from the record that this defendant fulfilled these obligations including the addition of legally sufficient quantities of malodorant in its product.
 The remaining issues are contributory negligence and res ipsa loquitur. In view of our holding that defendant Mon-grue was guilty of specific acts of negligence, the evidentiary doctrine of res ipsa loquitur is not applicable in determining responsibility. The failure of this defendant to specifically plead contributory negligence on the part of the plaintiff relieves us of the need to consider this special defense. LSA-C.C.P. art. 1005.
The trial court properly allowed special damages totaling $2,441.56 as follows: depreciated value of destroyed personal effects, $1,250; loss of two months’ wages, $650; hospital, $351.56; medical expenses, $170; and cash, $20.
The award of $4,500 to plaintiff for her injuries and suffering is insufficient. Mrs. Huggins sustained second degree burns to her forearms, hands, parts of both legs, left ear, and first degree burns to her face. Her medical record reflects hospitalization from November 3 through November 17, and office visits on November 21st and 28th and December 12th and 28th, 1967, at which time she was discharged.
The treating physician characterized her pain as “moderate discomfort of pain” requiring “moderate doses of narcotics.” Also involved was the debridement of dead skin on several occasions requiring increased dosages of narcotics. While there is some discoloration of skin on the hands and wrists, there is no residual scarring. No plastic surgery is necessary. We are of the opinion that an award of $8,500 will more adequately compensate this plaintiff for her pain and disfigurement. Surry v. Arkansas Louisiana Gas Company, supra; McDonald v. Wheeling Pipeline, Inc., 162 So.2d 408 (La.App.2d Cir. 1964).
For the reasons assigned, the judgment appealed from is amended in part, as amended is affirmed and recast so as to read as follows:
It is ordered that there be judgment in favor of the plaintiff, Donnis Sumerall Huggins, and against the defendant Milton Mongrue in the full sum of Ten Thousand *879 Nine Hundred Forty-one Dollars and Fifty-six Cents ($10,941.56) with legal interest thereon from the date of judicial demand until paid.
It is further ordered that plaintiff’s demands against defendants Polaris Corporation, Inc., and The Hartford Accident and Indemnity Company be rejected.
All costs in both courts, including the cost of the deposition of Dr. Charles Wright are to be borne by defendant Milton Mongrue.
Affirmed as amended and recast.