DOMENGEAUX, Judge.
Plaintiff Ethel Brown alleged that she slipped in The Kroger Company store in Lake Charles, on November 4, 1968. She sought damages for injuries resulting from that slip. The trial jury gave judgment for plaintiff in the amount of $750.00 and The Kroger Company and its insurer have appealed. Plaintiff answered the appeal asking for an increase in damages. We reverse the trial court judgment.
Mrs. Brown, planning to shop, arrived at defendant’s store at approximately 2:00 P.M., and at about 2:30 P.M. she was in the produce department pushing a cart. She testified that she had just picked up some onions and was on the way to the squash counter when her right foot slipped and she caught the counter to break her fall. She did not fall to the floor. She said that she thought her ankle was hurt and she walked over and told one of the female employees about slipping. Mrs. Brown reported that she had slipped on a small piece of produce approximately one to two inches long. She later went home and soaked her ankle. She testified that her ankle was swollen and painful the next day and she felt pain in her knee and hip region and went to see Dr. Fritz Lacour on November 8, 1968. Mrs. Brown admitted she would have seen the piece of produce upon which she slipped had she been looking at the floor. She had recovered at the time of the trial.
Mr. Edgar Guins, an employee of Kroger and a bag boy at the time of the accident was called under cross-examination by plaintiff. He stated that the floors were *337 cleaned before opening at approximately 8:00 in the morning and after closing at the end of the day and also “when needed”. He acknowledged that the displays were made attractive so that they might invite attention on the part of the customer. On direct examination he testified that he inspected the produce department at least three times a day but acknowledged that such inspection was for the purpose of making certain that the produce was set up properly and attractively as well as to inspect the floor for cleanliness.
Mr. Will Hardy, an employee of Kroger, was also called under cross-examination by plaintiff. He was the produce manager at the time of the accident and testified that at the point of the accident there was fruit on one side and vegetable displays on the opposite side with a space of about four feet in between. He testified that he filled the racks on the morning of the accident and acknowledged that produce is always dropping on the floor. Under direct examination Mr. Hardy testified that he usually made inspections two, three, or four times a day. He testified that he checks after displaying lettuce but apparently does not automatically sweep but does so only if needed. He admitted that there was no sweeping done between 12:00 and 3:00 P.M. that day.
Mrs. Brown’s testimony of the foreign substance on the floor and the fact that it caused her to slip was not contradicted, however there was no evidence as to how long the small piece of produce had been there (if the result of dropping by another customer) nor that the piece of produce had been placed there by the store employees.
The rules concerning slip and fall cases and the responsibilities of storekeepers and the burdens imposed on plaintiffs have been stated many times. As a general principle, a storekeeper is not an insurer of the safety of his patrons. He does, however, owe an affirmative duty to his customers to use ordinary care to keep his aisles, passageways and floors in a reasonably safe condition. The duty to use reasonable care extends to every hazard which creates an unreasonable risk of foreseeable harm to his store invitees. This duty includes reasonable inspection of the premises for defects and obstructions to passageway, and reasonable warning of perils which the customers may not see through the exercise of ordinary care. In determining this duty, consideration must be given to several factors, including the nature of the premises, the business purposes for which it is used, the volume of business, the likelihood that the passageway may become obstructed through shopping activities of employees and other customers and the nature of the obstacle.
In order to impose liability on the store operator, an injured customer must prove by a preponderance of the evidence that a dangerous condition which caused injury to him: (1) was created by the storekeeper himself (or some person for whom he is legally liable); or (2) either (a) was actually known to the storekeeper or his employees or (b) had existed for a sufficient length of time for the storekeeper to have constructive knowledge of it, i. e., that its presence should have been discovered through the exercise of reasonable care. In this respect the mere fact that a customer falls while using a store aisle does not by itself create any presumption of fault on the part of the storekeeper.
For examples of these general legal propositions, see Broussard v. National Food Stores of Louisiana, Inc., La.App., 233 So.2d 599; Hay v. Sears, Roebuck & Company, La.App., 224 So.2d 496; Chauvin v. United States Fidelity & Guaranty Co., La.App., 223 So.2d 441; Lofton v. Travelers Insurance Co., La.App., 208 So.2d 739; Sigler v. Mount Vernon Fire Insurance Co., La.App., 201 So.2d 656; Gauthier v. Liberty Mutual Insurance Co., La.App., 179 So.2d 437; Provost v. Great Atlantic & Pacific Tea Co., La.App., 154 So.2d 597.
*338 In this case defendants-appellants take the position that they are not negligent and that they had no actual or constructive knowledge of any dangerous condition, i. e., the small piece of produce in the store aisle.
Although the existence of the piece of produce in the aisle and plaintiff’s slipping thereon was not contradicted, she did not prove how the piece of produce happened to be on the floor or how long it had been there. Thus she did not prove that defendant had either actual or constructive knowledge of the hazard. Therefore, under the set of facts shown herein, defendant is exempt from liability for the damage sustained by the plaintiff.
We conclude therefore, under the existing jurisprudence that the trial jury erred in allowing plaintiff Ethel Brown to recover for her slipping on the aforementioned piece of produce.
In view of our conclusion it is unnecessary that we consider plaintiff’s alleged contributory negligence or the nature and extent of her injuries.
For the above reasons, the judgment of the trial court will be reversed and judgment will be entered in favor of defendants, rejecting plaintiff’s demands; plaintiff to pay all costs in both the district court and this court.
Reversed and rendered.