STOULIG, Judge.
Plaintiff, Mrs. Anna Losch, fractured her elbow when she tripped over a canvas shopping basket in Woolworth (Gentilly Branch) in the City of New Orleans. A suit for damages filed by Mrs. Losch and her husband, George B. Losch, against F. W. Woolworth, Inc., and its public liability insurer was dismissed by the trial court in accordance with a jury verdict for the defendants. Plaintiffs have appealed.
It is not disputed that Mrs. Losch, after taking several steps as she left the checkout counter, fell over a basket approximately 17 inches long, 10 inches wide and 7 inches high. What is not explained is how the basket happened to be in the passageway.
Mrs. Losch’s testimony establishes she did not see the basket before she fell. The cashier who checked her out gave evidence indicating it had not been there five to eight minutes before the incident. She explained the basket was next, to a door in the counter after plaintiff fell. Minutes before, she personally had walked along the same path taken by plaintiff to the point of the fall. At that time the cashier was sure there was no basket on the floor because, had it been there, she would have hit it with the door that swung outward from the counter (into the customer’s passageway) as she went to her register booth. In addition, she stated plaintiff was fourth in the line waiting to check out. Three other customers passed the point of the fall immediately before plaintiff without incident.
The evidence shows that the offending basket was nowhere near a storage rack on which they were customarily placed. The store procedure for handling the empty baskets was explained by the cashier who testified that as the baskets were emptied of merchandise at the check-out counter they were stacked behind the counter until the cashier’s shift ended, at which time they were returned by the off-duty cashier to the basket rack.
These facts, as summarized, are insufficient to establish the store owner breached any duty of care it owed to Mrs. Losch as an invitee. For plaintiff to prevail, she would have had to establish by a preponderance of the evidence that the store owner, or one of its employees, had placed the basket on the floor and created the hazardous condition or that the store owner had actual or constructive knowledge of its presence.
There is no proof that any employee of Woolworth Gentilly placed the basket in the passageway or knew of its presence. Knowledge of the danger could only be imputed if it were shown the basket blocked the passageway for a sufficient period of time and that its presence should have been discovered by the management had it exercised reasonable care. Because the evidence affirmatively shows the basket was not in the aisle between five to eight minutes before this accident, there is no factual basis for imputing constructive knowledge to the store owner. Liability does not attach simply because an accident occurs in the store. See Brown v. Kroger Company, 252 So.2d 336 (La.App. 3d Cir. 1971), and Lofton v. Travelers Insurance Company, 208 So.2d 739 (La.App. 3d Cir. 1968). The record amply supports the trial court’s finding that the plaintiffs have failed to bear the burden of proof necessary to sustain their right to recovery.
For the reasons assigned, the judgment appealed from is affirmed. Costs of this appeal are to be borne by the appellant.
Affirmed.