286 So.2d 715 (1973)
Rachel VOSBEIN, wife of/and Henry C. Vosbein, Sr.
v.
NATIONAL FOOD STORES OF LOUISIANA, INC.
No. 5716.
Court of Appeal of Louisiana, Fourth Circuit.
November 2, 1973.
Rehearing Denied January 8, 1974.
David C. Vosbein, New Orleans, for plaintiffs-appellants.
Guste, Barnett & Colomb, William M. Barnett, New Orleans, for defendant-appellee.
Before BAILES, FLEMING and BRADLEY, JJ. pro tem.
ROBERT M. FLEMING, Judge Pro Tem.
This suit was filed alleging a slip and fall accident on a Wednesday at about 6:30 p. m., in a supermarket, wherein Mrs. Rachel Vosbein suffered injuries for which she seeks redress.
The defendant files a general denial and alleges that the accident was caused by the contributory negligence of Mrs. Vosbein.
The case was tried by a jury, and by a vote of nine to three they gave this response to interrogatories:
Was defendant, National Food Stores, guilty of negligence which was a proximate cause of plaintiff's accident?
Answer: No.

*716 Was Mrs. Rachel Vosbein guilty of contributory negligence which was a proximate cause of her accident?
Answer: No.
The judgment was signed in accordance with the verdict, dismissing Mrs. Vosbein's suit and she applied for, but was denied, a new trial. She and her husband appeal.
The principle issue on this appeal is whether the defendant appellee, National Food Store, was guilty of negligence wich was a proximate cause of Mrs. Vosbein's injury.
Plaintiff appellant, Mrs. Rachel Vosbein, was a regular customer at the defendant appellee's supermarket. On the day of the accident she drove to the store in the late afternoon to obtain various items she had on her shopping list. Late Wednesday afternoon is described as a slow day at the store. She had purchased some articles and approached the produce display tables. She had pushed a basket a short distance down the produce aisle when her left foot slipped out from under her and she fell to the floor. The store manager was called and he immediately went to the produce aisle where he found Mrs. Vosbein sitting on the floor. All that she and the manager found on the floor which may have caused her to slip was a small piece of moist, green vegetable matter, which was unidentified because it had been squashed. The store manager, Irving Campos, testified at the trial that he had swept the produce aisle himself approximately ten minutes before the accident, and he had left it clean before returning to the office at the front of the store. Mrs. Vosbein did not appear to be seriously injured at the time and, a short while after the accident, she left the store and drove herself home with her purchases. She was shortly thereafter examined by her orthopedist, who had been treating her since 1968. It is obvious that the accident that befell Mrs. Vosbein aggravated a pre-existing disability condition which she had.
In order to recover, it is necessary that a litigant prove by a preponderance of the evidence, that the defendant is negligent. A storekeeper is not an insurer of the safety of its customers but owes them only the duty of ordinary and reasonable care to make the premises safe for the uses intended. The mere fact that a customer falls down in a store does not create a presumption of fault on the part of the storekeeper, and frequently slip and fall accidents do occur without negligence on the part of anyone. To recover from a storekeeper, the customer who has fallen must show that a dangerous condition caused the fall, and that the storekeeper "had either actual or constructive knowledge of the existence of an extraneous substance upon the floor for such a time that the owner had an opportunity to remove it or should have had knowledge of the substance and removed it." Fontanille v. Winn-Dixie Louisiana, Inc., 260 So.2d 71 (La.App.4th Cir. 1972).
In the Fontanille case, supra, Judge Chasez wrote the opinion for this court. He noted a split of authority as to just how the burden of actual or constructive knowledge is to be proved. This court was and is convinced that the doctrine of res ipsa loquitur is not an element in the Fontanille or this case. Mrs. Fontanille slipped and fell on a half-eaten banana which was discolored. There was evidence that a banana exposed to air will turn brown in thirty to forty minutes. The court thus concluded the banana had been on the floor for some time and had the storekeeper adopted a reasonable program of maintenance in clearing passageways, he would have discovered the foreign substance on the floor.
Obviously each case must be determined on its own facts.
Mr. Campos and other employees of the appellee testified concerning the manner in which the store and its aisles and its floor are kept clean. According to his testimony, there is a standard repetitious cleaning *717 of the aisles at least every hour, and whenever it becomes necessary at other times. Had this green vegetable matter which Mrs. Vosbein slipped on been in the aisle for an inordinate length of time, then perhaps the store would have been negligent in failing to remove it. However, Mr. Campos testified that he swept the floor ten minutes prior to Mrs. Vosbein's injury. The credibility of the testimony of Mr. Campos was attacked vigorously in the trial court and in the appellate court. However, it is obvious that the jury believed him and believed the fact that he had swept the floor ten minutes before the accident.
This case distinguishes itself from the Fontanille case in two factors: (1) The green foreign matter was on the floor less than ten minutes and (2) it obviously was smaller and less noticeable than a half-eaten banana.
One of the most stringent rules of appellate review is that findings of fact made by the trier of facts, particularly when they involve the issue of credibility of witnesses, will not be disturbed unless such findings are characterized by error and are manifestly erroneous. Naquin v. Van Court, 222 So.2d 601 (La.App.4th Cir. 1969). Courts of appeal should not substitute their judgment for that of the jury unless there is a clear showing of obvious error, not only as to the credibility of such witnesses but also as to the jury's finding of fact based upon the sufficiency and preponderance of the evidence.
We have made a painstaking examination of the record in this case and we cannot conclude that the jury was manifestly erroneous in its conclusion that the appellee, National Food Stores, was free from negligence in this case.
The appellant complains that the district judge committed error in denying the request of the plaintiff for production of the accident report which was prepared by Mr. Campos from information furnished by Mrs. Vosbein. A hearing was held on this and the accident report apparently was a narrative of Mrs. Vosbein that was taken down by Mr. Campos that was not signed by Mrs. Vosbein and that was not used at the trial. The district judge would not allow the plaintiff to have this statement. No proffer was made of this statement to this court and we have no way of knowing the precise information contained therein. However, we do find that the law does not require a remand of the case on this point. The district judge is given much discretion in determining what matters may be discovered and there has been no abuse of this discretion.
The appellant further complains that the district judge refused to give his requested charge to the jury on the question of a storekeeper's negligence. We have examined the complete charge of the district judge and he correctly and adequately explained the law of this state to the jurors. Even if the charge was erroneous, we find that the evidence in the record shows that the trial jury came to a correct conclusion. Therefore, it would serve no purpose to reverse for instructional error. Regan v. Adams Exp. Co., 49 La.Ann. 1579, 22 So. 835 (1897) and Rhodes v. United States Fire Insurance Company, 207 So.2d 152 (La.App.4th Cir. 1968).
For the foregoing reasons the judgment of the lower court is affirmed. Costs of this appeal are to be borne by plaintiffs-appellants.
Affirmed.