290 So.2d 357 (1974)
Mrs. Mary MORAIS, wife of/and Leonard Morais
v.
SCHWEGMANN BROTHERS GIANT SUPERMARKET and Fireman's Fund Insurance Company.
No. 5882.
Court of Appeal of Louisiana, Fourth Circuit.
February 6, 1974.
Rehearing Denied March 8, 1974.
*358 Wiedemann & Fransen, Lawrence D. Wiedemann, New Orleans, for plaintiff-appellee.
Dillon & Williams, C. T. Williams, Jr., New Orleans, for defendants-appellants.
Before GULOTTA and STOULIG, JJ., and BAILES, J. Pro Tem.
BAILES, Judge Pro Tem.
This is a tort action filed by plaintiffs, Mrs. Mary Morais and her husband, Leonard Morais, to recover damages allegedly sustained by them when Mrs. Morais was struck on the foot by one or more of three or four large cans of shortening which fell from the shelf of defendant's store. The defendant is Schwegmann Brothers Giant Supermarket, Inc. The insurance company named a defendant in the petition was eliminated by stipulation at the time of the trial. The trial court awarded judgment in favor of Mrs. Mary Morais in the sum of $1,000 and in favor of the husband, Mr. Leonard Morais, in the sum of $57, representing the medical expense incurred.
Finding that the judgment appealed is correct, we affirm.
The facts of this case are simple. The plaintiff, Mrs. Morais, went to the defendant supermarket to shop for groceries. She was pushing ahead of her the usual mobile metal shopping basket into which she had placed selections of bread and milk and was on her way to select her coffee when she was suddenly and without warning struck on her right foot by the cans of either Crisco or Snowdrift shortening which fell from a shelf. She testified affirmatively that neither she nor her basket *359 struck the gondola or shelving causing the merchandise to fall. She stated that the basket was from one foot to eighteen inches away from the shelving. She was not looking nor making any selection of groceries in that area of the store and was not aware of the impending action. She could assign no reason why the cans fell. She was the only person in the area.
Promptly Mrs. Morais reported the accident to the safety manager, who together with the assistant store manager, went to the section of the aisle where the accident occurred.
Mr. Hall, the safety manager, did not testify. Mr. Joseph T. Spitelear, the assistant store manager testified that a stock clerk is assigned to each aisle and it was the duty of the stock clerk to check and maintain the inventory of stock on the shelves and to check that the merchandise is properly stacked. He stated that on checking the aisle in question he did not see a stock clerk. He explained that possibly the clerk was on a break, in the washroom, or perhaps in the storeroom securing replacement stock. Further he testified that shelves that oppose each other in the gondola are separated by a partition which prevents merchandise being pushed from the shelf into the aisle on the other side of the gondola; and that in the cooking oil section cardboard is placed between each tier of goods in order to form a firm secure base for each layer or tier of cans or bottles.
This witness stated he did not know the name of the stock clerk and did not pursue the investigation to determine the name of the clerk; nor was the clerk called as a witness.
Mr. Spitelear also testified that it was one of his several duties to check aisles and shelves for correct display and stacking of goods. Further he testified that when he went to the site of the accident he found the shelves in order, except the bottom shelf had some scattered cans of merchandise, apparently where Mrs. Morais placed the cans that struck her foot.
The store manager, Mr. Salvador P. Danna, testified that he was absent from the store for about two hours during which time the accident occurred. Even though he stated that checking the stocking of the shelves was one of his duties, he does not recall the last time he checked the cooking oil section before leaving the store prior to the accident.
While the plaintiff pleads the application of the doctrine of res ipsa loquitur and the defendant argues in its brief that for plaintiff to prevail we must either apply the doctrine of res ipsa loquitur to the factual situation presented or find active negligence on the part of the storekeeper, we find that the defendant has not discharged the burden placed on it to show that it was not guilty of negligence proximately causing this accident and resulting injuries to plaintiff.
Herein the plaintiff has proved to our satisfaction that she did nothing untoward to have caused the cans to fall on her. She was innocuously pushing her basket down the aisle when suddenly three or four cans of shortening fell. She has no way of determining and no means available to her to explain the occurrence.
The storekeeper owes a duty to its customer to furnish a safe place in which to shop; included in this duty is that of maintaining the canned goods in such condition that a customer will not be injured by merchandise falling from the shelves. Needless to add, however, the storekeeper is not an insurer of the customer injured on its premises. See Fontanille v. Winn Dixie Louisiana, Inc., La. App., 260 So.2d 71, and the cases cited therein.
To affix liability on the storekeeper it is necessary for the customer, plaintiff herein, to establish by a preponderance of the evidence that the owner breached *360 the duty to use reasonable care and that the owner had either actual or constructive knowledge of the existence of the faulty condition which necessarily prevailed in the cooking oil section of the aisle involved.
Under the facts elicited from the assistant store manager and the store manager, neither could testify of the whereabouts of the stock clerk whose duty it was to maintain the merchandise in the shelves in a safe condition. Neither witness knew the name of the clerk, how long he had been absent from his assigned area nor when it was that he last checked the condition of the shelf from which the cans of shortening fell.
Mr. Spitelear testified that when he went to the site of the accident he found the shelves in order. Very well might he have so found the shelves as the dangerously stacked cans already had fallen.
Defendant argues that plaintiffs have failed to prove that any improper or unreasonable procedures were followed by defendant to insure against the occurrence of such accidents. Further, defendant argues that a check of each item on the shelves every 15 to 18 minutes by the stock clerk is quite reasonable.
We find no proof of when or how often the stock clerk assigned to this aisle made his checks or inspections, nor how long it had been since he, in fact, made such an inspection.
There is no showing by any of the defendant's witnesses that the display of merchandise was in a safe condition. The facts and proof is distinguishable from the case of Pilie v. National Food Stores of Louisiana, Inc. (1963) 245 La. 276, 158 So.2d 162. We believe that the cans of shortening would not have fallen if they had been safely and correctly stacked.
In the absence of proof by the defendant from personnel in charge of this aisle or other informed personnel as to when the stock was last checked and the condition of the display, we believe it is unreasonable and unwarranted to hold that the defendant has discharged the burden of showing freedom from negligence. We cannot justify requiring the injured plaintiffs who had no control or authority over defendant's premises and who only minutes before arrived on the premises, to prove defendant's negligence. The defendant does not have an impossible task of proving when the last inspection was made and the condition of the display at that time, thus its freedom from negligence.
It must be added that we are not holding that the store owner owes to the customer-invitee any greater obligation than to use ordinary care to keep the aisle safe from falling merchandise. Also, we are cognizant of the rule that one who asserts an obligation of another has the burden of establishing the breach of the duty or obligation by a preponderance of the evidence. To this rule there must be the exception as we have stated above. This plaintiff who only minutes previously entered the store cannot possibly (and it would be unreasonable to hold otherwise) establish the negligence of the store owner. If she can establish her freedom from causation, the burden then must shift to the storekeeper to rebut the presumption of fault for the reason that he is most cognizant of facts necessary to decide the issue. See Peters v. Great Atlantic & Pacific Tea Co. (La.App. 1954) 72 So.2d 562.
We find the duty owed this plaintiff was breached. The owner must take positive means of maintaining the canned goods in the shelves. The manager and his assistant have testified that it was the stock clerk's duty to see that this was done, however upon plaintiff establishing that she in no way caused or contributed to its occurrence, the burden shifted to defendant to produce proof that the shelves were adequately maintained. The defendant has not established by a preponderance of the evidence that it discharged this duty, and *361 accordingly, is responsible for her damages.
Mrs. Morais was treated by an orthopedic surgeon whose letter report was admitted in evidence in lieu of his oral testimony.
He reported that no fractures or dislocations were found in her foot, there was a large area of discoloration and a moderate degree of swelling on the dorsum of the foot over the region of the tarsometatarsal joints and an acute tenderness in this area.
The treating physician diagnosed the injury as a contusion of the dorsum of the right foot. He prescribed a medication for pain and had her fitted with an elastic foot and ankle support.
Twelve days post accident he again saw Mrs. Morais. On this occasion he found her markedly improved, and discharged her from his care.
Mrs. Morais testified that she remained off her foot and in bed for about two weeks with her foot elevated and wore the elastic foot support for about one year.
Defendant does not argue that the award of $1,000 was excessive. We find the award was reasonable and adequate. The medical expenses of $57 was stipulated.
For the foregoing reasons, the judgment appealed is affirmed at defendant's cost.
Affirmed.
STOULIG, Judge (concurring).
I concur. From the record it affirmatively appears that the plaintiff proved she was free from fault in causing the can of merchandise to fall from the shelf; she negated the intervening or concurrent negligence of other customers as causing her injury; and finally she gave uncontradicted testimony that the cans on the shelves were in a disarrayed condition, which she characterized as "messy".
From the foregoing it must be concluded that the plaintiff has satisfactorily established the predicate required by our jurisprudence, as expressed in the case of Pilie v. National Food Stores of Louisiana, Inc., 245 La. 276, 158 So.2d 162 (1963), to warrant application of the evidentiary doctrine of res ipsa loquitur with the rebuttable inference that the defendant's negligence was the sole cause of her injury.
Defendant has failed to present sufficient evidence to rebut this inference of its negligence. The only witnesses appearing on behalf of defendant were its store manager, who had no personal knowledge of the incident, and its assistant manager, who, together with the safety manager, investigated the accident after its occurrence. These witnesses could only testify as to the general policy of their employer to the effect that stock clerks were assigned to each aisle for the purpose of replenishing the merchandise and to insure that the merchandise was properly stacked. However, neither of them was able to state that there was a stock clerk on duty on the day of this accident, and though the assistant manager claimed that he later spoke with the stock clerk assigned to the aisle where the plaintiff was injured, he did not remember his name nor make any record of it. It is also interesting to note that the safety manager who investigated the accident did not list in his report the name of the stock clerk involved. Though the defendant had available a list of the employees working in the particular store on the date of the accident, apparently no effort was made to identify the clerk nor was the trial court advised of any reason for its inability or failure to do so. In the absence of such evidence it must be concluded that the stock clerk, if there was one assigned, would not have testified favorably for the defendant. It should be observed that two floor supervisors who were also charged with the duty of checking the condition of the displayed merchandise were likewise not presented as witnesses.
*362 I am of the opinion that the defendant has failed to overcome the inference of its negligence and that considering all of the evidence adduced the trial court correctly determined that the plaintiff had borne the burden of proof by a preponderance of evidence that the defendant by an act of omission had failed to maintain the displayed merchandise on its shelving in a safe condition for the customers or patrons of its store.