297 So.2d 914 (1974)
Virginia McCAULEY
v.
Andrew NICHOLAS et al.
No. 9847.
Court of Appeal of Louisiana, First Circuit.
June 28, 1974.
Rehearing Denied August 13, 1974.
Writ Refused October 24, 1974.
*915 F. Louis Gonzales, Baton Rouge, for Andrew Nicholas.
W. Luther Wilson, Baton Rouge, for defendant Travelers Ins. Co. & Peter J. Materiste.
J. Arthur Smith, III, and Joshua A. Tilton, Baton Rouge, La., for appellee.
Before LOTTINGER, BLANCHE and de la HOUSSAYE, JJ.
de la HOUSSAYE, Judge.
This appeal arises out of a "slip-fall" suit to recover damages for personal injuries sustained by plaintiff, Virginia McCauley, resulting from her alleged fall while shopping at the College Town Grocery in Baton Rouge, Louisiana. Andrew Nicholas was the lessee of the premises and operated the store. The owner-lessor of the premises is the Estate of Peter J. Materiste and the liability insurer of the estate is Travelers Insurance Company. On November 7, 1973, a jury trial was held and the jury, in special interrogatories, rendered judgment in favor of plaintiff and against defendants for the amount of $34,834.00, the exact amount sued for by plaintiff, to be paid 15 percent by Nicholas and 85 percent by the Materiste Estate. From this adverse judgment, defendants perfected this devolutive appeal, which appeal was answered by plaintiff seeking an amendment of the verdict to cast all defendants liable in solido. We reverse all findings of the jury.
Appellants Materiste and Travelers assign as error the lack of evidence to support the jury's finding of negligence on the part of the Materiste Estate, concerning the design and construction of the steps on which plaintiff fell. Appellant Nicholas assigns as error the jury's failure to find that he used reasonable care toward invitees on his premises. It is his contention that the inspections of the premises conducted by him were reasonable and that after he had shown reasonable care, the plaintiff offered no evidence to show that he had either actual or constructive knowledge of the presence of the foreign substance on which plaintiff slipped.
Plaintiff testified that on April 24, 1969, she picked up her son Billy McCauley from Lee High School at 3:00 p. m. and on the way home, she stopped at the College Town Grocery to do some shopping. When entering the store, she noticed the steps but did not see anything on them. After purchasing a bag of potatoes, she left the store with her son, who was immediately behind her carrying the potatoes. They were in the store approximately five minutes. After opening the door, she glanced at the steps, noticed nothing, whereupon she slipped and fell forward from the top step of the store causing a severe comminuted fracture of the radial head of the olecranon process of the ulna. After she was taken to Our Lady of the Lake Hospital, it was discovered that there was a piece of bread soaked with barbecue sauce lodged on the sole of her shoe. Her son Billy McCauley testified that he did not see this bread but did notice barbecue sauce on the side of her shoe immediately after her fall.
The owner of property owes to invitees (it is clear that Mrs. McCauley was an invitee) the duty of exercising reasonable care for his safety and is liable for injury resulting from the breach of that duty, if the breach is the proximate cause of the accident. This duty includes that of exercising reasonable care to keep the premises in a safe condition or of warning invitees of hidden or concealed perils of which he knows or should have known in *916 the exercise of reasonable care. Foggin v. General Guaranty Insurance Co., 250 La. 347, 195 So.2d 636 (1967); Travis v. Winn-Dixie Louisiana, Inc., 269 So.2d 550 (La.App. 1st Cir. 1972). In Smolinski v. Taulli, 276 So.2d 286 (La. 1973), the Court, considering the obligations of a landlord in maintaining a handrail at a landing where he knew that small children were present, held the landlord liable but stated:
"Actionable negligence results from the creation or maintenance of an unreasonable risk of harm to others ... Further, where small children may be expected to be exposed to the risk, liability for their consequent injury results from the ... maintenance of premise conditions creating an unreasonable risk of injury to them." Id., at p. 288.
Accordingly, not every defect will serve as a basis for a claim, but the defect must be of such a nature as to constitute a dangerous condition which would reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances. Morgan v. American Indemnity Co., 180 So.2d 429 (La.App. 1st Cir. 1965); Templin v. Traders & General Insurance Co., 288 So.2d 660 (La.App. 3rd Cir. 1974).
Plaintiff predicated the liability of the Materiste Estate on the negligent design of the exitway and steps of the College Town Grocery and the failure of defendant to warn her of the hazardous condition and construction of the steps. Don Arnold, architect, testified that the treads and risers of the steps were misshapen and not uniform; that there were no handrails or a landing for plaintiff to step onto before descending the stairs; that the passageway was constricted and that there were no signs warning invitees of these defects. Although he stated that due to these factors, the steps were not reasonably safe, he admitted under cross-examination that anyone could safely traverse these steps with "minimal" attention. He also testified that
all stairs pose some element of risk. The record reflects that these stairs were constructed and put into use several years prior to the passage of the National Building Code, which was adopted by the City of Baton Rouge and which Mr. Arnold used as guidelines for his conclusions.
It also should be noted that Mrs. McCauley attributed the bread soaked with barbecue sauce as the cause of her fall.
"Q. I believe you said you fell?
"A. (Mrs. McCauley) Yes, sir.
"Q. Okay. How did you fall?
"A. I fell forward, bruising my arm and my knees.
"Q. Do you recall where you fell, what part of the store you fell?
"A. As I was coming out of the door, the first step.
"Q. On the first step. Do you recall what you slipped on, what you fell on?
"A. A piece of bread and it had barbecue sauce on it."
(T-p. 128)
"Q. All right. Now, you told us that you slipped on some kind of debris. What kind of debris do you think it was?
"A. It was bread."
(T-p. 154)
"Q. But for that piece of bread you don't think you would have fallen?
"A. I don't think I would have. The bread had barbecue sauce on it."
(T-pp. 155, 156)
Mrs. McCauley did not slip because of any fault in the design or construction of the steps, and there is no evidence in the record to indicate that defects noted by the architect in any way contributed to her *917 fall. In light of this and in light of the fact that these steps could be traversed with minimal attention, we find that Materiste Estate and Travelers Insurance Company's specification of error has merit, and the judgment of the trial court against them will be reversed.
We now address ourselves to the finding of the jury holding the store owner Nicholas liable for plaintiff's injuries. In Lang v. Winn-Dixie Louisiana, Inc., 230 So.2d 383 (La.App. 1st Cir. 1969), we discussed certain legal principles in slip-and-fall cases which are applicable here. First, we noted that to avoid liability for injuries to a customer because of negligence in failing to discover an object or substance upon the floor which causes injury the storekeeper must make a preliminary or prima facie showing of a reasonably careful and thorough inspection where there was a potential danger to patrons. While the burden is on the plaintiff to show that such substance remained on the floor for a longer time than that in which it should have been discovered and removed, this burden on the plaintiff is subject to the requirement that the defendant first show in a preliminary way that the foreign substance was not discovered in spite of reasonably careful and frequent inspections. In so holding we relied on Joynes v. Valloft and Dreaux, 1 So.2d 108 (La.App.Orl. Cir. 1941), writ denied, and from page 113 quoted as follows:
"`What we have in mind is that, where it is sought to hold liable a storekeeper for injuries resulting from some extraneous substance or object, there is no liability unless it appears, first, that the object is dangerous, and, second, that it was allowed to remain a source of danger for too long a time.
"`Now, if it is not dangerous, there is no liability, however long it may be permitted to remain, but, even if it is dangerous, then there is no liability until it appears that it has remained for a time longer than that in which it should have been discovered and removed, and the burden of showing this length of time is upon plaintiff, subject, however, to the requirement that defendant must first, in a preliminary way, show that, in spite of reasonably careful and frequent inspections, it was not discovered:' (1 So.2d at 113. Emphasis supplied by this Court.)" (Lang v. Winn-Dixie Louisiana, Inc., 230 So.2d at 389)
We believe that the defendant Nicholas did prove preliminary that he made reasonable inspections of his premises under the circumstances of the case. Nicholas testified that it was his daily routine to clean the parking lot and steps in front of his store at 6:30 every morning that he opened the store and again between the hours of 1:30 to 2:30 in the afternoon. He also testified that he followed the same routine on the day of the accident, and in this he was corroborated by his wife and his employee Marion Politz. We are of the opinion that such inspections outside of the store were reasonable under the particular factual situation of this case as they coincided with the end of the lunch hour and after the peak of defendant's "poor boy" business at which time it would be more likely that such deleterious or foreign substances would be thrown on or about the premises. To require more under such circumstances would be to virtually require that the defendant become an insurer of the safety of his customers, which the law does not require.
Having found that Nicholas, in spite of reasonable inspection procedures, failed to discover the bread with the barbecue sauce on the front steps of the store, the burden of proof was then upon the plaintiff to show how the extraneous substance or object got on the front steps, or in the absence of this proof, to show that such substance remained on the steps longer than the time in which it should have been discovered and removed. No proof was offered by the plaintiff in either regard. The showing of reasonable inspections *918 by the store owner and the failure of plaintiff to produce any evidence to show either actual or constructive notice on the part of the store owner makes the jury's finding against the defendant Nicholas manifestly erroneous.
For the above reasons, the judgment of the trial court is reversed, and judgment is rendered dismissing plaintiff's suit at her cost.
Reversed and rendered.