309 So.2d 697 (1975)
Alfred GONZALES et ux., Mary Evans Gonzales
v.
WINN-DIXIE LOUISIANA, INC. and Continental Insurance Companies, Inc.
No. 5484.
Court of Appeal of Louisiana, Fourth Circuit.
February 13, 1975.
Dissenting Opinion March 4, 1975.
Rehearing Denied March 12, 1975.
Writ Granted April 24, 1975.
*698 Darleen M. Jacobs, New Orleans, for plaintiffs-appellees.
Christovich & Kearney, Robert E. Peyton, New Orleans, for defendants-appellants.
Dillon & Williams, C. T. Williams, Jr., New Orleans, for amicus curiae Schwegmann Bros. Giant Super Markets, Inc.
Before SAMUEL, REDMANN, LEMMON, GULOTTA, STOULIG, BOUTALL, SCHOTT, MORIAL and BEER, JJ.
Dissenting Opinion of Judge Morial March 4, 1975.
SCHOTT, Judge.
Defendants, Winn-Dixie Louisiana, Inc. and Fidelity and Casualty Company of New York, its liability insurer (Continental Insurance Companies, Inc., was erroneously named as the liability insurer in the original petition, answer was filed by Fidelity and Casualty and reference to Continental is omitted from the judgment of the trial court) have appealed from a judgment in favor of the plaintiffs for medical expenses and personal injuries resulting from an accident which occurred on November 2, 1968, in which Mrs. Gonzales, plaintiff, was injured while shopping in the defendant's store at 3325 Paris Road in St. Bernard Parish.
The accident happened when Mrs. Gonzales, while pushing a grocery cart in the store, slipped and fell on a spill of olive oil measuring about two feet in diameter and near a broken bottle. She had been moving through the middle of the aisle looking at the displays of wares with her grocery cart about three feet from the shelf where the olive oil was displayed when she slipped down. She did not cause the bottle to fall from the shelf and did not have any olive oil in her cart. After her accident she reported it to a store employee, Mrs. Bonnie Bedford.
The only evidence of cleanup procedures is the testimony of the store manager, Mr. Federico, who testified that he had come on duty that day at approximately 1:00 PM, shortly after Mrs. Bedford got the report of the accident; that cleanup procedures at the store included a complete sweeping and mopping from one end of the store to the other each evening before closing; that on each morning whichever manager opens the store conducts an inspection to be sure that there are no hazards on the floor; that this inspection, normally made between 8:00 and 8:30 AM, is followed by a second such inspection normally made after a shift change in managers between 12:00 and 1:00 PM, and a third such inspection at approximately 5:00 PM; that *699 at the time of plaintiff's accident at about noon the manager had not yet made his inspection so that the only regular inspection prior to the accident was to have been between 8:00 and 8:30 AM; that he is constantly on the floor looking for hazards; that all of the employees are instructed to keep their eyes open for broken items with further instructions to clean up anything that may be on the floor; and that there is one fulltime man designated to clean up during the day. None of the other store employees, including the morning manager, who were involved in cleanup procedures on the day of the accident were called as witnesses. There is no other evidence which would show the reasonableness or unreasonableness of the inspection and cleanup procedures.
Plaintiffs contend, that to establish liability, it is only necessary that they prove that Mrs. Gonzales slipped and fell through no fault of her own on a foreign substance on defendant's floor and defendants must then exculpate themselves. Defendants contend that plaintiff has the burden of proving either actual knowledge that the spill of olive oil was on the floor that it was there for such a period of time so as to charge defendant with constructive knowledge of the existence of the hazard. They contend that in the absence of such proof the adequacy and reasonableness of their cleanup procedures were not at issue.
In Fontanille v. Winn-Dixie Louisiana, Inc., 260 So.2d 71 (La.App.4th Cir. 1972) this Court had occasion to consider the legal principles applicable to the instant case and nothing will be gained by repeating here those principles and the many authorities cited therein.
The Court decided that case in favor of the plaintiff upon a finding that the customer had slipped on a half eaten piece of banana which was inferred to have been on the floor between 30 and 40 minutes based upon the Court's findings that the piece of banana was brown and that such a length of time is required for a banana to turn brown once exposed to the air. Having found for a fact that this hazard had been present for 30 minutes or longer the Court concluded that defendant had constructive knowledge of the hazard and had not exercised reasonable care to maintain aisles and passageways in a reasonably safe condition considering the type and purpose of the premises. A similar result was reached in Lang v. Winn-Dixie Louisiana, Inc., 230 So.2d 383 (La.App. 1st Cir. 1969) in which the case was decided for the plaintiff on the basis of the fact that since plaintiff slipped on several pieces of thawed out but originally frozen okra and since 30 to 60 minutes is required for frozen okra to thaw the evidence was sufficient to establish a lack of adequate inspection and cleanup procedures on the part of the store owner.
Unfortunately for the plaintiff in the instant case, there is nothing on which we can base a determination that this spill of oil was on the floor for any length of time so as to provide a basis for the theory that the inadequacy of defendant's inspection and cleanup procedure was the cause of plaintiff's accident. Counsel for plaintiff in brief and in oral argument points to testimony that the olive oil on defendant's floor was green in color and argues from this testimony that it had been there for some time, but this is at best speculation and is not supported by any evidence. The same result must be reached in this case as in Frederic v. Winn-Dixie Louisiana, Inc., 227 So.2d 387 (La.App.4th Cir. 1969) in which this Court, reversing judgment in favor of a plaintiff who slipped and fell on a grape, said:
"... It may have been dropped a few minutes before Mrs. Frederic fell and again it may have remained there for over an hour. It is possible that it was on the floor a sufficient length of time to constitute constructive notice of its presence so that the failure of the storekeeper to remove it was negligence for which the plaintiff might recover, but there is no proof of this and its presence *700 on the floor does not cast the burden on the defendants to show how and when it got there. That burden is on the plaintiffs."
We recognize that proof of an inadequate, faulty or improperly functioning inspection system or procedure is always admissible in adjudging the issue of a store owner's negligence. However, it is but one of the aspects or factors that must be considered in the court's determination of liability and standing alone cannot support a finding of negligence in the absence of attendant circumstances that would render its omission as the proximate cause of the accident. The facts of defendant's inspection in this case do not alone support a finding that the defendant store owner was negligent.
Our jurisprudence in this circuit is consistent with that of the Second Circuit as shown in White v. J. Weingarten, Inc., 270 So.2d 632 (La.App.1972) and of the Third Circuit as exemplified in Lofton v. Travelers Insurance Company, 208 So.2d 739 (La.App. 1968); Broussard v. National Food Stores of La., Inc., 233 So.2d 599 (La.App.1970); and Brown v. Kroger Company, 252 So.2d 336 (La.App.1971).
However, the First Circuit has taken a different view. In McCauley v. Nicholas, 297 So.2d 914 (La.App.1st Cir. 1974), it was held:
"First, we noted that to avoid liability for injuries to a customer because of negligence in failing to discover an object or substance upon the floor which causes injury the storekeeper must make a preliminary or prima facie showing of a reasonably careful and thorough inspection where there was a potential danger to patrons. While the burden is on the plaintiff to show that such substance remained on the floor for a longer time than that in which it should have been discovered and removed, this burden on the plaintiff is subject to the requirement that the defendant first show in a preliminary way that the foreign substance was not discovered in spite of reasonably careful and frequent inspections."
In Welch v. Great Atlantic & Pacific Tea Co., Inc., 273 So.2d 876 (La.App.1st Cir. (1973)) it was said that the initial burden is on the storekeeper to show reasonably careful and frequent inspection practices and:
"... If he is unable to show such inspection practices, the plaintiff is relieved of the burden of proving actual or constructive knowledge of the hazardous condition. This rule has the effect of shifting the burden of proof in such cases from the plaintiff to the defendant."
The sharp contrast among the Circuits can best be demonstrated by comparing the quoted language from the First Circuit cases with the cited cases from the Third Circuit. In his dissent in the Lofton case Judge Culpepper criticized the majority view of his colleagues and argued that under the circumstances existing in large self-service super markets where a customer slips and falls on an extraneous substance the doctrine of res ipsa loquitur should be applied and an inference of negligence on the part of the defendant created by such circumstances. In the Broussard case now Justice Tate, then the organ of the Third Circuit, applied the law, but in a separate concurring opinion criticized the principles and lauded Judge Culpepper's dissent in Lofton. By that time, the Supreme Court had denied a writ application in Lofton at 252 La. 457, 211 So.2d 327, and Judge Culpepper now concurred with the majority in Broussard explaining that he was bound by the action of the Supreme Court in Lofton. Judge Fruge dissented in the Broussard case expressing the opinion that Lofton should be overruled. In the Brown case, Judge Miller dissented, expressing agreement with Judge Culpepper's dissent in Lofton and with the concurring opinion of Judge Tate in Broussard.
*701 The jurisprudence cited and relied upon herein has been repeatedly submitted for the Supreme Court's consideration in writ applications. A writ was refused in Lofton on June 21, 1968, with: "On the facts found by the Court of Appeal, the result is correct," 252 La. 457, 211 So.2d 327 (Justices Sanders and Barham were of the same opinion that the writ should be granted). A writ was also refused in Frederic on October 1, 1969, with: "On the facts found by the Court of Appeal, we find no error in the judgment complained of," 254 La. 866, 227 So.2d 598. This action was significantly taken by a unanimous Court. In McCauley a writ was refused with: "On the facts found by the Court of Appeal the result is correct," 302 So.2d 24. But the Court did not address itself to the legal principles under consideration here.
When a writ was granted in Broussard there was created an expectation that the issue would finally be considered by the Supreme Court, but such hopes were dashed when the Court's opinion turned on the lack of proof of a fall on the part of the customer in the first instance and led to the following statement by Chief Justice McCaleb:
"Having concluded that plaintiffs have failed by a preponderance of credible evidence to prove that Mrs. Broussard slipped and fell in the defendant's store as a result of the presence of a dangerous substance on the floor, we need not consider the issue of where the burden of proof lies to show that the defendant did or did not take sufficient precautions to maintain the premises in a safe condition for the use of its customers." 258 La. 493, 246 So.2d 838.
In considering our own jurisprudence we also take cognizance of Lozier v. Ninth Street Food Store, Inc., 293 So.2d 543 (La.App.1974); Morais v. Schwegmann Bros. Giant Supermarket, 290 So.2d 357 (La.App.1974); Vosbein v. National Food Store of Louisiana, Inc., 286 So.2d 715 (La.App.1973); and Walters v. Sears Roebuck and Company, 196 So.2d 563 (La. App.1967). In Lozier there was evidence of actual as well as constructive knowledge of the hazard on the part of the storekeeper. In Vosbein a jury had found the defendant free of negligence and this Court affirmed acknowledging the jurisprudential authority of Fontanille v. Winn-Dixie on the doctrine that plaintiff has the initial burden to prove constructive knowledge of the storekeeper in these cases. Finally, the Morais case did not involve a hazardous substance on the floor but rather a hazard resulting from the stacking of merchandise on a shelf and the Court found that the cans would not have fallen from the shelf if they had been safely and correctly stacked, a duty performed by the store employees presumably. Significantly in his concurring opinion, Judge Stoulig found that plaintiff had laid the proper predicate to warrant the application of res ipsa loquitur by showing that the cans on the shelf were in disarray and messy, i. e., an obvious condition about which the storekeeper should have known. As to certain dicta in the Morais case, some comments will follow.
In the Walters case this Court apparently concluded that a greasy substance must have been on the floor for 45 minutes because the area had been unattended for that length of time. This case is somewhat inconsistent with the Fontanille case and to that extent must be considered to have been overruled.
Perhaps there should be a reconsideration of the principles which we apply to the instant case. A customer who slips and falls as did Mrs. Gonzales is at a great disadvantage to prove how long an extraneous substance has been on the floor while such information is more properly within the ambit of the storekeeper's knowledge. In the instant case the broken bottle of olive oil might have been there for a minute or perhaps for four hours and yet the injured customer is being told that it is her burden to show how long the hazard has been present before the defendant is *702 required to exonerate itself from negligence.
On the other hand, if constructive knowledge of the hazard on the part of the storekeeper is not a condition precedent to his being required to disprove his negligence it seems that the doctrine of res ipsa loquitur is to be applied to these cases, as was observed by Judge Culpepper in his dissent in the Lofton case.
In Larkin v. State Farm Mutual Automobile Ins. Co., 233 La. 544, 97 So.2d 389, it was said that the doctrine of res ipsa applies when the circumstances of an accident are such as to justify the inference that the accident was due to the negligence of the one having control of the thing which caused the injury and that this inference is drawn from the circumstances of the accident which are such that the only fair and reasonable conclusion is that the accident was due to some omission of defendant's duty unless an explanation can be given. Ordinarily the plaintiff must prove that defendant committed an act of negligence in order to recover in a tort action. The doctrine of res ipsa enables a plaintiff to recover on a showing that there was an injury producing accident caused by an instrumentality within the exclusive control of defendant. If the doctrine were applicable here, plaintiff need prove only that she sustained an injury when she slipped and fell on an extraneous substance on the floor through no fault of her own and rest her case. Absent an explanation from the storekeeper, for example, that this particular spot was inspected shortly before the accident, plaintiff would be entitled to recover.
In Taylor v. CNA Insurance Group, 300 So.2d 479 (La.1974), there is an extended discussion of the doctrine of res ipsa and its application to the situation where plaintiff was injured when, in the process of removing a carton of soft drinks from a shelf, some of the other bottles fell to the floor with the result that her leg was struck by flying glass. It was held that the doctrine of res ipsa was not applicable because there was a reasonable inference that the accident might have been caused by the negligence of plaintiff in removing the carton. The following principles were enunciated:
"We are satisfied that the doctrine of res ipsa loquitur does not apply where the facts are such that one could reasonably infer therefrom that the accident was due to a cause other than the defendant's negligence. It is our opinion that the accident, together with all the attending circumstances, must warrant an inference, not of negligence only, but of defendant's negligence. We might add that the fact that the accident gives rise to several inferences, each one of which suggests a different cause of the accident, does not concern us as long as they all point to the negligence of defendant."
Applying these principles to the instant case, once Mrs. Gonzales established that she fell on the spill of oil through no negligence of her own, one reasonable inference was that the oil had been there for a sufficient length of time to place the duty on Winn-Dixie to know about it and to remedy the situation. But it is just as reasonable to infer that just moments before the accident another customer knocked the bottle off the shelf so that the storekeeper did not violate any duty. Under these circumstanctes res ipsa does not apply and plaintiff's case fails for her failure to prove that defendant was negligent and its negligence caused the accident.
A further point to be considered is that the approach taken by the First Circuit is tantamount to making the storekeeper the insurer of the premises. If the burden of proving reasonable inspection is placed on the storekeeper at the outset this presumes causal connection between unreasonable inspections and the presence of the particular hazard which brought about the accident. *703 Even if Winn-Dixie thoroughly inspected that aisle five minutes before the accident it might still be liable if under the circumstances that were not often enough. As a practical matter with the ease at which bottles can be knocked from the shelves and considering that the customer who causes such is inclined to make a quick exit from the scene, the storekeeper could only guard against liability by maintaining constant surveillance over the floors. Thus, he would be cast in the role of an insurer of the safety of his customers, a role which has repeatedly been rejected by our Courts.
In the Morais case this Court made the following pronouncement:
"This plaintiff who only minutes previously entered the store cannot possibly (and it would be unreasonable to hold otherwise) establish the negligence of the store owner. If she can establish her freedom from causation, the burden then must shift to the storekeeper to rebut the presumption of fault for the reason that he is most cognizant of facts necessary to decide the issue."
We repudiate this language as being inconsistent with the principles and jurisprudence discussed herein.
We therefore conclude that in the instant case plaintiff failed to carry the burden of proof which was hers, to wit, that the spill of olive oil was on the floor for such a period of time that defendant should have known its presence and was thereby negligent in failing to clean it up. Nor was there proof that the inadequacy of defendant's inspection procedure was the cause of her accident.
Accordingly, the judgment appealed from is now reversed and set aside, and there is judgment in favor of Winn-Dixie of Louisiana, Inc. and Fidelity and Casualty Insurance Company of New York, dismissing plaintiffs' petition at their cost.
Reversed and rendered.
REDMANN, LEMMON and GULOTTA, JJ., dissent with written reasons.
MORIAL, J., dissents with written reasons to follow.
REDMANN, Judge (dissenting).
A storekeeper is liable when the slipcausing substance has been on his floor so long that he should have discovered and removed it.
Often, neither the injured customer nor the storekeeper can produce evidence of how long the substance has been on the floor. Often, therefore, whoever has the burden of producing evidence on this point will lose.
It is unfair to place this burden initially on the customer, who is a business invitee on premises which turn out to be unsafe. The storekeeper is in a better position to bear this burden procedurally, in that he should know more and be more able to obtain evidence (he is in and controls his premises 24 hours a day, seven days a week; the customer is there for only a few minutes once a week). And the storekeeper is in a better position substantively, in that his business enterprisewhich foreseeably creates the riskcould more effectively and economically spread the risk over all customers (one insurance policy for the enterprise makes more sense than hundreds or thousands of policies for individual customers).
Placing the burden of producing evidence on the storekeeper does not make him the customer's insurer. We need not here employ the building owner's strict liability under C.C. art. 2322 (as by treating the floor as viciously constructed because not non-slip surfaced, as produce aisles often are). The storekeeper who shows that he had inspected the floor a reasonable time before the fall, and that at that time the substance was not on the floor, discharges his burden of producing evidence and wins.
*704 LEMMON, Judge (dissenting).
Tort liability is based on the breach of a duty which results in damages.
A storekeeper owes the basic duty to its customers to use reasonable care to keep the premises in a safe condition. Inasmuch as the customer in a self-service supermarket is expected and invited to handle merchandise displayed on the shelves, the operator should reasonably anticipate frequent unreported spills and breakage and the resultant danger to its customers. In order to maintain safety, the storekeeper must formulate and implement inspection procedures which are reasonably calculated to discover these anticipated dangers. The degree of vigilance required is commensurate with the risk involved, as determined by the overall volume of business, the time of day, the section of the store, and other such considerations.
The duty to discover and correct hazardous conditions is integrally related to the issue of notice in that a storekeeper who utilizes diligent inspection procedures reasonably designed to discover hazards will have actual notice of most hazards. Admittedly, even the best procedures will not reveal every spill or break at the moment of occurrence, and a spill followed by a slip and fall may occur during the interval between frequent and regular inspections. Nevertheless, a storekeeper who never conducts inspections will never be aware of hazards unreported by customers until by happenstance an employee stumbles upon the hazard or a customer stumbles over it. Thus, a slip and fall victim who establishes that the storekeeper has performed inadequate inspections or no inspections at all has established to some degree of probability that the storekeeper's failure to discover and correct hazardous conditions contributed to the causation of the accident. The key determination, in terms of preponderance of the evidence as to causation, is the degree of probability.
The plaintiff in a slip and fall case has the burden of proving negligence and causation by a preponderance of the evidence, direct or circumstantial. The circumstantial evidence required in civil negligence cases need not negate all other possible causes of the injury; proof by direct or circumstantial evidence is sufficient to constitute a preponderance when the evidence, taken as a whole, shows that the fact or causation sought to be proved is more probable than not. Jordan v. Travelers Ins. Co., 257 La. 995, 245 So.2d 151 (1971); Boudreaux v. American Ins. Co., 262 La. 721, 264 So.2d 621 (1972).
The evidence in the present case clearly established that the storekeeper failed to discharge its duty of inspecting the premises adequately in order to discover anticipated spills and hazards. On the crucial determination as to whether or not this negligence caused the injury, competing inferences arise according to the circumstances of each case.
If the evidence in a particular case shows the storekeeper inspected the aisles thoroughly and regularly at reasonable intervals, there is a reasonable inference that most hazards will be discovered and that the hazard in question was created so near to the moment of the accident that the storekeeper, though duly diligent, was unaware of it. On the other hand, if the evidence shows the storekeeper never inspected the aisles and a substantial risk of injury is implicit in the manner in which the business is conducted, most hazards will remain undiscovered, and it is more likely than not that this violation of duty was a substantial factor in causing the accident. Although such evidence admittedly does not exclude all other possibilities, the degree of probability preponderates in favor of this conclusion.
Stated otherwise, there is a high degree of probability that spills will be discovered if adequate inspections are conducted. This is the very purpose of imposing the duty to inspect.
I would hold that when a plaintiff has proved the storekeeper failed to perform *705 inspections commensurate with the risks involved in his business operations, the overall circumstances may justify a conclusion by the trier of fact that an accident resulting from a hazard on the floors was caused, at least in part, by the storekeeper's permitting the hazard to arise and to continue.
This approach is further justified as a policy consideration, since social justice dictates that a storekeeper who does not employ adequate safety measures should bear the costs of accidents which occur on the unsafe premises, or at least should be barred from relying upon the difficulty of proving constructive notice as a means of avoiding liability. Judicial adoption of such a policy will result in the discovery of most hazards and the prevention of most accidents.

ADDENDUM
Res Ipsa Loquitur
Many decisions rendered by Louisiana intermediate appellate courts have contained broad, general statements that the doctrine of res ipsa loquitur is inapplicable in slip and fall cases.[1] Hopefully, the Supreme Court in the Boudreaux case eliminated some of the mystique which seemed to fill the air whenever a litigant uttered the magic Latin phrase.
Any type of civil case can be proved by sufficient circumstantial evidence. The so-called rules of res ipsa loquitur simply list the circumstances under which this type of evidence will ordinarily constitute the necessary preponderance. But whatever name is used to describe the manner of proof, the case must be decided by the trier of fact on the basis of whether the plaintiff has established that the fact or causation sought to be proved is more probable than not.
First Circuit Cases and Burden of Proof
The opinions of the First Circuit in McCauley v. Nicholas, supra, and Welch v. Great Atlantic & Pacific Tea Co., Inc., supra (and the dicta in Lang v. Winn-Dixie Louisiana, Inc.) are based on sound reasoning, but use unfortunate language in discussing burden of proof.
The burden of proof in slip and fall cases is always on the plaintiff. The burden does not shift, nor is the burden "subject to the requirement that the defendant first show" anything. Nevertheless, a plaintiff can meet this burden with sufficient circumstantial evidence.[2]
I view the First Circuit cases as judicial establishment of a policy that a storekeeper, whose own lack of diligence prevented his actual knowledge of a hazardous condition, is precluded from relying on lack of notice as a defense.
GULOTTA, Judge (dissenting).
We are confronted primarily with whether the inspection procedure employed by a defendant storekeeper is relevant to show defendant's negligence without a showing first by plaintiff that the foreign object had been on the floor a sufficient amount of time to charge defendant with constructive notice. Secondarily, if such *706 evidence of inspection procedure is relevant, whether plaintiffs sufficiently carried the burden of proof to prevail in the instant case. In Frederic v. Winn-Dixie Louisiana, Inc., 227 So.2d 387 (La.App.4th Cir. 1969), we indicated that such evidence was not relevant until plaintiff first proved constructive notice. In Fontanille v. Winn-Dixie Louisiana, Inc., 260 So.2d 71 (La.App.4th Cir. 1972), we concluded that 30 minutes was sufficient time to place the store owner on such notice. In Vogts v. Schwegmann, 56 So.2d 177 (La.App.Orl. 1952), we said 30 to 40 minutes was sufficient. See also Lang v. Winn-Dixie Louisiana, Inc., 230 So.2d 383 (La.App.1st Cir. 1969).
I am of the opinion that evidence of inadequate inspection procedure is relevant at any time to show the negligence of the store owner. This evidence is only one facet of any evidence admissible to show negligence on the part of the proprietor. Other additional evidence could conceivably be that of an unswept or unclean condition of the store.
In the instant case, no evidence was offered to show the amount of time that the oil remained on the floor prior to the accident. However, the inspection procedure was shown to be inadequate. A cleanup was conducted every evening after closing. An inspection was made when the store opened between 8:00 a. m. and 8:30 a. m. Another inspection was made between 12:30 and 1:00 p. m. when a change or shift of managers took place. The accident occurred at approximately 12:00 or 12:30 p. m. shortly before the midday inspection. There is no evidence of a systematic inspection between 8:30 a. m. and 12:30 p. m. This procedure is inadequate.
When inadequate procedure is established along with other pertinent facts such as a fall and resulting injury, absent sufficient testimony from defendant of an exculpatory nature, I am of the opinion plaintiff has successfully carried the burden that it is more probable than not that the injury resulted from defendant's negligence. Plaintiff has carried the burden by a preponderance of evidence in the instant case.
I respectfully dissent.
MORIAL, Judge (dissenting)
I dissent for the written reasons assigned by GULOTTA, J.
NOTES
[1] The majority opinion rejects the argument that if res ipsa loquitur is applied, a plaintiff need only prove the slip and fall on an extraneous substance (without contributory negligence) before resting the case.

I also reject such a view, which is a misleading oversimplification. Proof of a slip and fall without contributory negligence only raises an inference that someone (an employee or third person) was negligent in creating a hazard. It is the proof of lack of inspection which raises the inference that the storekeeper was negligent in failing to discover and correct the hazard within a reasonable time.
[2] In the present case the issue is whether the circumstantial evidence was sufficient to prove causation, and not whether circumstantial evidence as to inspections was relevant in the absence of other evidence (direct or circumstantial) bearing on the question of how long the olive oil had been on the floor.