BOUTALL, Judge.
This is a case involving injuries as a result of a slip and fall by Mrs. Carrie Young Richardson on some grapes in one of the supermarkets belonging to Winn-Dixie Louisiana, Inc. In our original opinion we reversed a judgment of liability against the store owner. See Richardson v. Winn-Dixie Louisiana, Inc., 309 So.2d 765 (La.App. 4th Cir. 1975). The Supreme Court granted a writ of certiorari, 317 So. 2d 619, and remanded the case to us for reconsideration in the light of their recent decision in the case of Rosalea Mancuso, wife of/and James A. Kavlich v. Kramer, 315 So.2d 282 (Sup.Ct.La.1975). The matter is now before us on that reconsideration.
The facts in this case, briefly stated, are that Mrs. Richardson had been shopping in a supermarket for approximately one half hour when she slipped and fell on some loose grapes in an aisle leading to the produce area. It is not known how the grapes came to be there or how long they remained on the floor. In our previous decision we relied upon the principles set out by this court in the case of Gonzales v. Winn-Dixie Louisiana, Inc., 309 So.2d 697 (La.App. 4th Cir. 1975), in which we held that the plaintiff carried the burden of proof to show that the store had an actual knowledge of the presence of the foreign object or that the object had remained on the floor for such a period of time that such knowledge would be presumed. We stated at 309 So.2d 700:
“[2,3] We recognize that proof of an inadequate, faulty or improperly functioning inspection system or procedure is always admissible in adjudging the issue of a store owner’s negligence. However, it is but one of the aspects or factors that must be considered in the court’s determination of liability and standing alone cannot support a finding of negligence in the absence of attendant circumstances that would render its omission as the proximate cause of the *615 accident. The facts of defendant’s inspection in this case do not alone support a finding that the defendant store owner was negligent.”
However, that decision has now been overruled by the Supreme Court. Gonzales v. Winn-Dixie Louisiana, Inc., La., 326 So. 2d 486, 1976. The Supreme Court has therein reaffirmed the rule announced in the case of Kavlich v. Kramer, supra, that upon proof of slip, fall and injury on unseen foreign substances, “the duty of going forward with the evidence to exculpate the store employees from negligence shifts to the store owner.” The duty of a store owner is stated as follows:
“The duty of a store owner to protect his customers from foreign substances on the floor is one of reasonable. care under the circumstances. Reasonable protective measures, including periodic inspections, must be taken to keep the aisles and floors free of substances or objects that may cause customers to fall. * * * * * The circumstances that determine the reasonableness of protective measures include the type and volume of merchandise, the type of display, the floor space utilized for customer service, the nature of customer service, and the volume of business. As we recently noted, the self-service grocery system requires customers to focus their attention on the shelves and to handle merchandise. The system increases the risk of harm from objects dropped on the floor by customers and, correspondingly, the duty to minimize the risk by frequent inspections and cleanups. ******
(Citations omitted.)
We have reconsidered the record in this case in light of the rules established in these two cases. We find our previous decision herein to be erroneous, since based on contradictory principles.
The evidence establishes Mrs. Richardson to be free from fault in her slip and fall caused by the grapes on the floor. Because we believed the burden of going forward to be upon Mrs. Richardson, we concluded she had not shown constructive knowledge or unreasonable protective measures on the store owner. The store owner produced the following evidence:
“However, the record shows that the entire store was cleaned the night before after all of the produce was put in order. The store manager inspected the store and this particular area prior to opening the store at 8:00 A.M. and again at some unspecified time thereafter. The assistant produce manager worked in that area until approximately 8:30 inspecting both the produce display and the floor and saw nothing amiss. The grapes are not kept loose or handled loose in this area, but are brought out in the familiar see-through packages for display. Only if a package was broken open in some way would there occasion to be loose grapes in the vicinity.
“The store manager testified that inspection of the store took up approximately 90% of his time, and the produce manager testified that inspection took up approximately 50% of his time. Admittedly this is not all inspection of the floor, but also of the displays. * * * ”
The record shows that the last inspection was approximately 8:30 A.M. Despite the percentage of time spent in inspections, neither the store manager nor the produce manager had been in the area of the fall, depending on whose testimony of time schedule is adopted, • from one-half hour to one and one-quarter hours. The trial judge found the fall took place at 9:45 A. M. We note that the reasonable protective measure specified in Gonzales includes periodic inspection. The inspections by the managers were not at regular specified intervals but varied in length of interval dependent upon other duties. Under this system it is reasonable to conclude that at least one and one-quarter hours could elapse between inspections, and the store *616 has made no showing that this is a reasonable period of time under the circumstances.
For these reasons we rescind our previous decision and now affirm the judgment of the trial court.
There remains to be considered the quantum put at issue herein. The trial court awarded Mrs. Richardson $25,000 for her injuries, pain and suffering, past and future, and awarded Mr. Richardson $1,328.81 in past and future medical expenses.
As a result of the fall, Mrs. Richardson received injuries to her back and knee. She suffered considerable pain from what was originally considered a chronic lumbar sprain, and during the long course of her treatment (18 months) the doctors have concluded that she has a degenerative lumbar spine, with continuing degeneration and arthritis. This has been aggravated by the fall to cause some measure of nerve root compression and a prolapse of the fragments of disc involving the fourth and fifth segments of the lumbar spine. She has suffered pain and has been unable to do any housework or engage in activity of any kind for some 18 months prior to the time of the last examinations. The doctors note little improvement in her condition and they state that she will continue to suffer pain for years unless hospitalization is afforded. It is thought that some relief may be obtained by hospitalization and traction for several weeks, but the prevailing opinion is that she will require an operation for removal of the disc and performance of a laminectomy of the lumbar spine. This testimony supports an award for future medical and hospital expenses and future pain and suffering. In addition to her lumbar spine problems, Mrs. Richardson suffers from a painful knee condition. The doctors found x-ray evidence of osteo-arthritis in her left knee with degeneration and conclude that her present painful condition is a result of the trauma she experienced.
Both appellant and appellees complain of the trial court’s award. While we ourselves may have been disposed to award Mrs. Richardson a somewhat lesser amount, we do not find the trial judge’s award to be manifestly erroneous. See Fox v. State Farm Mutual Automobile Insurance Company, 288 So.2d 42 (La.Sup. Ct.1973). The award to Mr. Richardson is adequately supported by a preponderance of the evidence.
Accordingly, the judgment appealed from is affirmed at appellants’ cost.

Affirmed.