de la HOUS SAYE, Judge.
This is an appeal from the Lower Court’s decision dismissing plaintiff’s suit for damages resulting from personal injuries.
Defendant, Continental Insurance Company, is the insurer of Sam Cefalu who owns and leases the “Delmont Lounge” to Russell J. Cavalier. Continental Insurance Company filed an answer denying liability based upon the terms of the lease between its insured, Sam Cefalu and Russell J. Cavalier. Additionally, Continental Insurance Company assumed the position of third party petitioner and alleged that in the event it should be held liable to plaintiff in the main demand, then it was entitled to judgment in the same amount over and against Russell J. Cavalier, under the provisions of the lease agreement, as well as Louisiana Revised Statute 9:3221.
After a trial on the merits, the Lower Court found in favor of defendant, Continental Insurance Company and rejected plaintiff’s demands at his cost. We agree with the Lower Court holding.
The building involved fronts on Plank Road in Baton Rouge which runs generally North and South. The building has two (2) sections, a restaurant in the south half and the Delmont Lounge in the north half with parking lots on both the north and south sides of this building. There is a service area at the rear of the building connecting the two parking lots. Both parking lots were lighted and there also were lights along the front of the building, but there was no lighting at the rear of the building in the service area.
According to Mr. Brashears, he went to the Lounge at about 10:45 on the evening of January 5, 1972, and parked his vehicle on the south parking lot near the front on Plank Road. He got out of his car and walked along the lighted front of the building and entered the Lounge through the front door. He stated that he stayed there about thirty (30) minutes and drank two beers, then left the Lounge and walked around the rear of the building to get back to his car. The testimony of Mr. Brash-ears further reveals that he was going around the back side of the building to avoid a cold north wind, but it was shown by other testimony that this route was approximately two or three times longer than the route he followed when he arrived at the Lounge. It should also be noted that Mr. Brashears chose to take an unlighted route when he could have taken his original route, which was shorter and apparently well lighted.
There appears to be a further conflict as to whether or not Mr. Brashears was actually injured by stepping in an open drain behind the building. According to Mr. Cavalier, operator of the Lounge, he discovered Mr. Brashears lying in the service area approximately two (2) hours after Mr. Brashears had left the Lounge. Mr. Cavalier further pointed out that Mr. Brashears was found lying at a point some forty (40) feet from the open drain. This conflicts with the testimony of Mr. Brash-ears himself, who testified that upon injuring his leg because of stepping into an open drain, he never moved from the spot of the accident.
There is further testimony by Mr. Wilkinson who was a customer in the Lounge when Brashears came in, and who later helped Mr. Cavalier carry Mr. Brashears to his car, that Mr. Brashears was lying at a point about thirty (30) to forty (40) feet from the hole.
From the above facts, the Trial Court in effect determined that plaintiff had failed to carry his burden of proving that his injury was even related to any conditions of the premises. In his oral reasons for judgment, the Trial Judge determined that the *478 owner of the parking lot where Mr. Brash-ears was allegedly injured, did not have personal knowledge of there being a hole located on the property. Additionally, the Lower Court determined that plaintiff-appellant was contributorily negligent when he chose to cross an unlighted area to get to his automobile from the entrance of the Delmont Lounge.
As this Court stated in the case of McCauley v. Nicholas, 297 So.2d 914 (La.App. 1st Cir. 1974): “The owner of property owes to invitees . . . the duty of exercising reasonable care for his safety and is liable for injury resulting from the breach of that duty, if the breach is the proximate cause of the accident. This duty includes that of exercising reasonable care to keep the premises in a safe condition or of warning invitees of hidden or concealed perils of which he knows or should have known in the exercise of reasonable care.” Id. at p. 915.
Because there was no discussion below of whether Mr. Brashears was an invitee, we perforce will not decide that issue. Certainly Mr. Brashears does not stand in any greater position than an invitee. Assuming arguendo that he was an invitee then McCauley, supra would apply and that in itself would prevent defendant from being liable since the Lower Court found that there was no personal knowledge on the part of the landowner that the hole existed.
Accordingly, we find that the defendant-landowner was not negligent in maintaining the premises and is therefore not liable to plaintiff-appellant for any injuries he may have sustained on the premises.
Since we do not find that there is any liability based upon the landowner’s maintenance of the premises it is not necessary that we discuss the issue of whether plaintiff-appellant was contributorily negligent.
For the foregoing reasons, the judgment appealed from is affirmed. All costs are to be assessed to plaintiff-appellant.
Affirmed.